GEORGE BUDD, ADMINISTRATOR OF THE ESTATE OF W. S. DE LANCY, DECEASED, APPELLANT, *v.* T. C. POWER & CO. AND LYNDE & CO., RESPONDENTS.

PLEADING — *Fraud* — *Warranty of title* — *Pleadings in Justice's Court* — *Waiver.* — An answer in a suit on a promissory note set up as a defense that the note had been given for "an undivided half interest in a certain drove of stock cattle thereafter to be delivered by the plaintiff to them (defendents), which, at the time, plaintiff falsely represented himself to be the owner of; and that thereby, and without consideration, they were induced to make said note to him for the purchase price of said cattle, and that said representations were false, and that plaintiff never was the owner of said cattle, or any number or portion thereof, nor did he have any beneficial interest therein, and that they were misled by said false misrepresentations, and had never received said cattle, or any of them, and that plaintiff has failed, refused, and neglected to deliver said cattle to them." The case was begun and tried before a justice of the peace, then appealed to the District Court, and appealed again from the judgment therein to the Supreme Court. No demurrer had been filed to the answer, nor had any motion been made to strike it out, nor had any exception been taken to the evidence introduced on the ground of a variance. *Held,* that the answer was insuf-

ficient either for a defense of fraud or a defense of warranty of title; but that inasmuch as it had evidently been ignored upon the trial of the case, and the answer therein treated as oral (as might properly have been done under sections 768 and 769, division 1, Compiled Statutes, regulating pleadings before justices of the peace), the objection on the ground of insufficiency could not be sustained.

SALE OF PERSONAL PROPERTY — *Implied warranty of title.* — In an action upon a promissory note, tried by the court without a jury, special findings of fact were to the effect that the note sued upon had been given to purchase the interest of the payee in a band of cattle, which were on the range at the time; that the payee represented to the respondents that he had an interest in said cattle, but as a fact, had no interest; and that none of said cattle were ever received by the respondents. As conclusions of law from said findings, the trial court decided, "that there was a total failure of consideration; that there must be a judgment for the respondents; and that as nothing was sold, no question of warranty arises." The evidence failed to show any fraud or deceit on the part of the payee, that the cattle had ever been in his possession, or that he had ever expressly warranted his title. *Held,* that the question of implied warranty necessarily arose; that according to the authorities in America (contrary to those of England) there is no implied warranty of title, where a vendor is not in the possession of the personalty he sells; and that the judgment must be reversed.

*Appeal from the Third Judicial District, Gallatin County.*

The opinion states the facts.

*J. L. Staats,* for Appellant.

In making out the defense of fraud in this action (on a promissory note) the defendants should have alleged and proved that the representations made by the vendor in the sale of the property were false, and that he knew them to be false, and intended to deceive the defendants. (*Sharp* v. *Mayor,* 25 How. Pr. 389; *Addington* v. *Allen,* 11 Wend. 374; *Barber* v. *Morgan,* 51 Barb. 116; *Van De Sande* v. *Hall,* 13 How. Pr. 458; *Palmer* v. *Smedley,* 18 How. Pr. 321; *Gushee* v. *Leavitt,* 5 Cal. 160; 63 Am. Dec. 116; *Bayard* v. *Malcolm,* 2 Johns. 560; 3 Am. Dec. 450; *Barney* v. *Dewey,* 13 Johns. 224; 7 Am. Dec. 372; *Edick* v. *Crim,* 10 Barb. 445; *McDuffie* v. *Beddoe,* 7 Hill, 578.) As a defense on the ground of warranty and a breach thereof in the sale, the answer does not show that there was any eviction or ouster, which must be alleged and proved. (*Case* v. *Hall,* 24 Wend. 103; 35 Am. Dec. 605; Abbott's Trial Evidence, p. 347; *Gross* v. *Kierski,* 41 Cal. 111; *Sweetman* v. *Prince,* 62 Barb. 256, 267.) There should be an allegation of warranty and breach thereof. (*Miller* v. *Van Tassel,* 24 Cal. 462.) The

defendants cannot claim as a complete defense that by reason of the vendor having no title to the property alleged by defendants to have been sold them, there was a failure of consideration, because of that fact, as their answer should allege that there was no other consideration to the note than that mentioned in the answer. (*Boden* v. *Wright*, 12 Com. B. 445.) If this transaction is to be treated as a sale, the court should from the issues find either fraud or warranty; and as the court has found there was no warranty, he should have found upon the question of fraud, for without a finding that there was either fraud or warranty the court erred. There could in this case be no defense made to the note sued on, and no judgment could be rendered upon the issues for defendants, without allegations of warranty or fraud in the transaction. (*McKnight* v. *Devlin*, 52 N. Y. 399; 11 Am. Rep. 715; Benjamin on Sales, § 899, and cases cited in note; *Conner* v. *Henderson*, 15 Mass. 319; 8 Am. Dec. 103; *Wright* v. *Hart*, 18 Wend. 454; *Mooklar* v. *Lewis*, 40 Ind. 1.) The evidence in this case does not support the findings as made, for the evidence conclusively shows that the defendants were in no degree mistaken as to the condition of the title of vendor to the property alleged to have been sold, nor as to its location, as all the circumstances connected with the transaction were known to defendants at the time of sale; and where such is the fact, the law, not undertaking to interfere with the bargain of the parties if there is no fraud or warranty, will hold the consideration good. (Bishop on Contracts [Condensed], § 427; Abbott's Trial Evidence, p. 340; Benjamin on Sales, § 425, and cases cited in note to section.) The court bases his findings entirely upon the fact that there was a total failure or want of consideration. The discharge of any demand is a sufficient consideration for the creation of another. (*Corbett* v. *Cochran*, 3 Hill [S. C.], 41; 30 Am. Dec. 348; 2 American Leading Cases, pp. 166, 276; *Young* v. *Lee*, 18 Barb. 187; *Stettheimer* v. *Meyer*, 33 Barb. 215.) Where the findings of a court are contradictory they will not support a judgment. (*Reese* v. *Corcoran*, 52 Cal. 495; *Manly* v. *Howlett*, 55 Cal. 96; Hayne on New Trial and Appeal, § 242, p. 735.) If the appellate court finds that the judgment of the court below is erroneous, and the findings of facts are such as to enable the Supreme Court to determine what kind of a judgment should

have been rendered, the court below will be directed to enter the proper judgment. (*Barkley* v. *Tieleke,* 2 Mont. 436, 437; *Love* v. *Shartzer,* 31 Cal. 488; *Edmonston* v. *McLoud,* 16 N. Y. 543; *Cuff* v. *Dorland,* 57 N. Y. 560.)

*Armstrong & Hartman,* for Respondents.

This cause having had its inception in a Justice's Court, no answer was necessary; but if the one interposed by defendants was indefinite and uncertain, and this seems to be the only objection urged by appellant, the plaintiff should have demurred to it. Issues of law are waived after trial upon the facts. (*Orr* v. *Haskell,* 2 Mont. 225.) We think the findings of fact and conclusions of law by the court are correct, but a cause will not be reversed because the court rendered its judgment for erroneous reasons. (*Thorp* v. *Tweed,* 1 Mont. 651.) The appellant does not attempt to deny the fact that he had no interest in the cattle, and therefore gave no consideration for the note; but tries to escape his responsibility by pretending he did not claim to sell any interest, but simply sold a bill of sale which he had from one Scribner. This is denied by Lynde and Besserer, and the court having passed on that fact, it is in effect the same as a verdict of a jury, and will not be disturbed on appeal. (*Story* v. *Black,* 5 Mont. 41; 51 Am. Rep. 37; *Ming* v. *Truett,* 1 Mont. 322; *Travis* v. *McCormick,* 1 Mont. 347; *Kinna* v. *Horn,* 1 Mont. 597.) The evidence shows that there was a total failure of consideration for the note. The plaintiff represented and pretended to have an interest in the cattle, when in fact he had none whatever. Even had he been honestly mistaken, he could not recover on the note. The books make a distinction between warranty of title and warranty of quality or quantity. In every sale of personal property there is an implied warranty of title, to the extent, at least, that the vendor has some interest or ownership in the thing sold. (Parsons on Contracts, § 573, n. *e*; 2 Schouler on Personal Property, § 378; Benjamin on Sales, p. 721, § 626; *Grose* v. *Hennessey,* 13 Allen, 389; *Shattuck* v. *Green,* 104 Mass. 45.) Nor is it necessary to show an eviction or ouster. (*First National Bank* v. *Beck,* 8 Kan. 660; *Grose* v. *Hennessey,* 13 Allen, 389.) The judgment of the court will not be reversed if the evidence is conflicting. (*Travis* v. *McCormick,*

1 Mont. 347.)   Admitting plaintiff's statement to be true as to the bill of sale, he still could not recover.   (*Shattuck* v. *Green*, 104 Mass. 40.)

McCONNELL, C. J.—The appellant, who was the plaintiff below, brought an action against the respondents before a justice of the peace of Gallatin County upon a promissory note, for the sum of two hundred and seventy-two dollars, dated November 22, 1886, payable to W. S. De Lancy ninety days after date.   The plaintiff below filed a complaint setting out the note sued on.   To this there is no exception.   The respondents filed an answer, which, after admitting that they executed and delivered the note sued on, proceeded to state that it was given for an "undivided half interest in a certain drove of stock cattle thereafter to be delivered by the plaintiff to them, which at the time plaintiff falsely represented to them that he was the owner of, and thereby, and without consideration, they were induced to make said note to him for the purchase price of said cattle, and that said representations were false, and that plaintiff never was the owner of said cattle, or any number or portion thereof, nor did he have any beneficial interest therein, and that they were misled by said false misrepresentations, and had never received said cattle, or any of them, and that the plaintiff has failed, refused, and neglected to deliver said cattle to them."   The cause was tried by the court without a jury, who found in favor of the respondents, upon the ground that there was a failure of consideration. Motion for a new trial was made and overruled, and an appeal taken to this court.

The first objection made by the appellant is as to the sufficiency of the answer, it being contended by him that to maintain the defense of a failure of consideration by reason of a failure of title, it must appear that the plaintiff was guilty of fraud or deceit, or that there was a warranty of the title to the cattle, either express or implied, and that the answer does not aver either.   An inspection of the answer, the substance of which is given above, shows that it is insufficient for the purpose of either defense, that is, of fraud or warranty.   The averment that the representation that the plaintiff was the owner of the cattle was false, or that he falsely represented that he was the owner of the

cattle, is not sufficient to sustain the charge of fraud or deceit; a proper interpretation of such language is that the representation made was simply untrue. There is no pretense that the answer contains a warranty, either express or implied. As we have already noted, the case was brought before a justice of the peace, and the sufficiency or insufficiency of the answer must be decided by the provisions of the statute touching pleadings before justices of the peace. Section 768, et seq., Code of Civil Procedure, provides, that pleadings in Justices' Courts shall be, *first*, the complaint by the plaintiff, stating the cause of action; *second*, the answer by the defendant, stating the ground for the defense; that where the action is for the forcible or unlawful detention of lands, tenements, or other possessions the pleadings shall be in writing, but in all other cases the pleadings may be oral or in writing. This answer, then, being insufficient and demurrable upon that account, may be entirely disregarded, and treated as oral. The fact that the plaintiff below saw fit to go to trial without demurring to the answer, or moving to strike it out, was simply to ignore it, as he might well have done, and treated the answer as oral. Section 777 provides that in trials before justices of the peace a "variance between the proof on trial and the allegations in pleading shall be disregarded as immaterial, unless the court be satisfied that the adverse party has been misled to his prejudice thereby." There was no exception to any of the evidence introduced, upon the ground of variance between it and the answer; in fact, the whole cause was tried without reference to the answer at all. Hence we hold that the objections upon the ground of the insufficiency of the answer are not sustained.

The court found twelve special findings of fact and two conclusions of law. The substance of the findings of fact are as follows, to wit: That the respondents executed the joint note sued on as stated in the complaint; that the note was given as the purchase price of De Lancy's interest in the "F" brand of cattle, on the range in Gallatin County; that De Lancy represented to the respondents that he owned a half interest in the brand; that at the time of the sale he turned over to respondents a bill of sale from one Scribner to himself, of an interest in the cattle, but did not mention any particular interest; that the

plaintiff's intestate sold a half interest in the cattle, under the bill of sale which he had procured from Scribner; that the brand and cattle belonged exclusively to Mr. Ferris, who sold and delivered them to the Gallatin Mill Co. for seventeen hunded dollars, on the 22d of December, 1886; that Ferris was at all times the owner of the brand of cattle, and there is no evidence whatever to show that Scribner and De Lancy had any interest at all in the "F" brand of cattle; and lastly, that the respondents never received any consideration for the note sued on. And as a conclusion of law from these findings, "that there was a total failure of consideration; that there must be a judgment for the respondents; that as there was nothing sold no question of warranty arises."

It is insisted on the part of the appellant, that inasmuch as the court found that the respondents purchased of De Lancy a one-half interest in the "F" brand of cattle, and that the defense rests upon a failure of title, the question of warranty necessarily arises. In this we agree with him, and think that the court erred in holding that there was no question of warranty in the case. In the absence of fraud or deceit in the sale of personal chattels, the right of the purchaser to rely upon a failure of consideration, by reason of a failure of title, depends upon whether the purchase was made under such circumstances that the seller expressly warrants the title, or the law implies a warranty thereof. Of course where there is an express warranty, and there is a total failure of title, and in consequence a breach of said warranty, it necessarily results that there is a total failure of consideration, and this will be a good defense to an action brought for the recovery of the purchase price of the goods sold. Mr. Benjamin on Sales, page 583, section 627, second American edition, says, in speaking of the ancient English law: "It is well settled that in an executory agreement the vendor warrants by implication his title in the goods which he promises to sell. Plainly, nothing could be more untenable than the pretension, that if A promised to sell one hundred quarts of wheat to B, the contract would be fulfilled by the transfer, not of the property in the wheat, but of the possession of another man's wheat. *Secondly,* it is also universally conceded that in the sale of an ascertained specific chattel, an affirmation by the vendor that the chattel is

his is equivalent to a warranty of title, and that this affirmation may be implied from his conduct, as well as from his words, and may also result from the nature and circumstances of the sale." Again, in Noy's Maxims, chapter 42, it is said: "If I take the horse of another man and sell him, and the owner take him again, I may have an action of debt for the money, for the bargain was perfect by the delivery of the horse, and *caveat emptor.*" Again, Lord Coke says: "The common law bindeth him not unless there be a warranty, either in deed or in law, for *caveat emptor.*" But Blackstone gives the contrary rule. "If the vendor sells him as his own," then he warrants the title. After much discussion in the English courts, the law of that country has finally been settled as stated in the work of Benjamin on Sales, section 639, as follows, to wit: "A sale of personal chattels implies an affirmation by the vendor that the chattel is his, and therefore he warrants the title, unless it be shown by the facts and circumstances of the sale that the vendor did not intend to assert ownership, but only to transfer such interest as he might have in the chattel sold." But this is not the rule in America. Here a distinction is made between goods in the possession of the vendor and goods not in possession at the time of the sale. As to the goods in the possession of the vendor, there is an implied warranty of title; but where the goods sold are in the possession of a third party at the time of the sale, there is no such warranty, and the vendee buys at his peril. In the work of Story on Sales, third edition, 459, it is said that "this distinction has now become so deeply rooted in the decisions of courts, in the *dicta* of judges, and in the conclusions of learned authors and commentators, that even if it were shown to be misconceived in its origin, it could not at this time be easily eradicated." And to the same effect is the doctrine laid down by Chancellor Kent in volume 2, side page 478; 3 Wait's Actions and Defenses, p. 529; *Charlton* v. *May,* 5 Hayw. (Tenn.) 496; *Word* v. *Cavin,* 1 Head, 598; *McLean* v. *Houston,* 2 Heisk. 43; *Barbee* v. *Williams,* 4 Heisk. 527; *Topp* v. *White,* 12 Heisk. 165; *Gregory* v. *Underhill,* 6 Lea, 210.

While we think the English doctrine is better than the American, still we adhere to the latter, as it is so universally adopted throughout the States of the American Union. It follows,

then, from this view of the law, that in order to avoid the doctrine of *caveat emptor*, the purchasers must show that there was either an express warranty of the title of the cattle sold, or that the cattle were in the possession of the plaintiff at the time of the sale, from which fact the law would imply a warranty. Of course, if there was fraud or deceit in the sale, if the plaintiff knew that he had no title, and fraudulently represented that he had, and thereby deceived the respondents, this would vitiate the sale, and sustain the plea of a want of consideration without any reference to the question of a warranty of title. The record purports to contain all the evidence in the case. There is no evidence of any fraud or deceit. The court finds that the cattle were on the range in Gallatin County, and there is nothing to show that they ever were in the possession of De Lancy. There is no proof of any express warranty. The respondents having confessed the execution of the note, the burden of proof was upon them to sustain the plea of failure of consideration. If there was any evidence to sustain these propositions, we would not reverse, under the provisions of section 280 of the Code of Civil Procedure. But we are compelled to do so under our view of the law, and while we might render a judgment here under the findings of the court for the appellant, we deem it best to remand the case for a new trial, to the end that another trial may be had according to the views herein expressed.

The costs of this appeal will be paid by the respondents.

*Judgment reversed.*

BACH, J., and DE WOLFE, J., concur.