## BUDD, ADMINISTRATOR, APPELLANT, *v.* POWER, RESPONDENT.

WARRANTY — *Possession of stock on range.* — Cattle running on the public ranges are in the constructive possession of the owner, and upon a sale thereof a warranty of title will be implied.

*Appeal from Third Judicial District, Gallatin County.*

On rehearing. Same case reported in 8 Mont. 380.

No brief on file for Appellant.

*Armstrong & Hartman,* for Respondent.

.BLAKE, C. J. — The respondents have filed a petition for a rehearing in this case, which is reported in 8 Mont. 380. It was held therein that the court below erred in deciding that the question of warranty of title to certain cattle did not arise. The findings of fact and conclusions of law are stated in the opinion, and it appears that the property was on the range at the time the promissory note sued on was executed by the respondent, and belonged exclusively at all times to one Ferris, who sold and delivered it to the Gallatin Mill Company; and that neither Scribner nor De Lancy had any interest or claim thereto. This court was of the opinion that the respondents must prove that the cattle were in the possession of De Lancy when the sale was made, and that the law would imply a warranty of title from this fact. The respondents contend that the testimony relating to this matter was overlooked, and that the evidence shows that Scribner had possession of the property; that he delivered to De Lancy a bill of sale of one half thereof, which was sufficient to transfer this stock on the range; and that De Lancy afterwards sold his interest to the respondents. The testimony, in our opinion, does not establish the claim of possession in Scribner; and the presumption to be drawn from the foregoing findings is that Ferris, while enjoying the ownership, also possessed the cattle. In *Dodge* v. *Jones*, 7 Mont. 121, Mr. Chief Justice Mc-Connell, in discussing the question of the delivery of certain horses, says: "When they were on the range, the actual possession was in no one. The range was common pasturage for everybody, and the constructive possession accompanies the title."

The respondents also insist that the court did not weigh carefully the testimony of the witnesses, regarding the fraud and deceit of De Lancy. There is no finding that De Lancy knew that he had no title to the cattle, or that there was a conspiracy between De Lancy and Scribner to defraud the respondents. In the absence of proof to the contrary, the reasonable inference from the findings is that De Lancy believed that the bill of sale which he had received from Scribner transferred to him the interest in the property, which was sold by him to the respondents. The learned chief justice, in the opinion, referred to some exceptions to the doctrine of *caveat emptor*, which constitute the

foundation of this petition; but, under the issues made by the pleadings, they cannot be the subject of review at this time. We are therefore satisfied that the facts before the court were given due consideration at the last term, and that the application for a rehearing should be denied.

BACH, J., and DE WOLFE, J., concur.