Nelson, J.,
delivered the opinion of the Court.
On the 16th of November, 1864, Plouston brought this action of debt, in the Circuit Court of Bedford, agaiust McLean, the plaintiff in error, and one Nance, as to whom a nolle prosequi was entered. A declaration was filed according to the form in use before the Code, upon an instrument styled “a bill single,” to which the plea of nil debit was pleaded “in short;” and in his second plea, the defendant craved oyer of the bill single sued upon, which was set out in said plea, in the words and figures following, viz:
*39 “$1,025. Twelve months after'date, we or either of us, promise to pay Caleb P. Houston, executor of Miss Ann Guy, deceased, one thousand and twenty-five dollars, for value received. February the 20th, 1863.
“If. B. McLeaN, [Seal.]
“Richard Nahce, [Seal.]”
In his second plea, McLean alleged that the bill single was executed and delivered to the plaintiff, as executor of Ann Guy, for the price of a certain slave sold by said Houston, as executor of Ann Guy, deceased, at public sale; “that said Houston fraudulently represented to all persons at said sale, that he was the executor of the last will and testament of said Ann Guy, deceased, when in fact he had not proved the will of said Ann Guy, and given bond and qualified as such executor; which facts were fraudulently withheld from the bidders at said sale. Defendant further avers and says, that he never offered to return said slave to said Houston, because he did not know that said Houston had not proven said will, given bond and qualified, when he sold said slave as aforesaid, until the — day of -, 1864; and at that time, said defendant had no power or control of said slave; he had gone off, and was, practically, free, and could not be returned. He further states, that he was disturbed in his possession of said slave, who became a freeman. He further says that said Houston has never made him a title to said slave. Whereupon, defendant says that the consideration of said bill single has wholly failed. All of which he is ready to verify.”
The plaintiff, in the court below, filed a special demurrer to said plea, alleging, as causes of demurrer: *40 .First, that the defendant had never tendered said slave back. Second, because there is no averment in the plea that said slave was ever recovered from him by the proper owner, or any other person whatever. Third, because, having taken title under Houston, he must place Houston in the same condition he was in before the sale and purchase. Fourth, the plea is double. Fifth, it is wholly immaterial, in this state of the case, whether the plaintiff ever made him a title in writing or not. Sixth, because the time is not named when the information of the alleged fraud came to his, defendant’s, knowledge.
The demurrer was sustained at December Term, 1867, and thereupon, a jury was impanneled, who found for the plaintiff, on the plea of nil debit; and judgment having been rendered in his favor, and defendant’s motion for a new trial having been overruled, the latter prayed and obtained an appeal in the nature of a writ of error, to this Court. There is no bill of exceptions; and the only question here is, upon the validity of the second plea.
The plea does not contain any direct or explicit averment that it was represented by the defendant in error, that Ann Guy was the owner of the slave at the time of her death, or that he had authority under the will, or as her executor, to make the sale or to make the title; though it may, perhaps, be inferred that these propositions are embraced in the averments that ' the slave was sold by said Houston as executor, at the public sale, and that he fraudulently represented himself as executor, when, in fact, he was not legally authorized to act in that character. The substance of the plea seems *41 to be, that the '“bill single,” (if it may be properly so styled, since the Code has abolished the use of private seals in written contracts,) was executed without consideration, or that there was an entire failure of consideration, owing to the fraudulent representation of the executor, that be had the right to make sale of the slave, when he had no. such right, and that his sale would confer a good title upon the purchaser, when it did not. Treating this as the substance of the plea, and rejecting, as surplusage, the causes assigned in it for not returning the slave, we hold that the plea is good under section 2884 of the Code, which provides, in substance, that any pleading shall be sufficient when it conveys a reasonable certainty of meaning, and when, by a fair and natural construction, it shows a substantial cause of action or defense. Although the Act of 1860, c. 33, p. 27, authorizes parties to plead in accordance with the laws existing on the subject of pleading before and at the time of the passage of the Code, it does not repeal section 2884; and we are constrained, in this case, to look at the substance rather than the form of the plea.
It is provided in the Code, section 1806,-that the want or failure, in whole or in part, of the consideration of a written contract, may be shown as a defense, total or partial, as the case may be, to an action brought by any one who is not an innocent and bona fide holder; and section 1804 provides, in its second clause, that “the addition of a private seal to an instrument of writing hereafter (thereafter) made shall not affect its-character in any respect.” Under these sections, but especially the last, which places a sealed instrument on *42 the footing of a promissory note, we bold that the want, or failure, of consideration, may be pleaded to a sealed instrument, as it might have been pleaded to an unsealed instrument before the Code. Hid any doubt exist as to the correctness of this construction, there can be no doubt as to the validity of the plea, under section 2918, subsections 2 and 3, which provide that “the defendant may plead, by way of set-off, or cross action, * * * * any matter arising out of the plaintiff’s demand, and for which the defendant would be entitled to recover in a cross action; any matter growing out of the original consideration of any written instrument, for which the defendant would be entitled to recover in a crofes action.”
The section last quoted was construed by this Court, in the case of Ford v. Thompson, 1 Head, 265, which was an action of debt brought upon a note executed for a slave, sold with a written warranty of soundness and of good title, and the note assigned after it fell due. The defense was a failure and want of consideration, and the 'defendant offered to prove that the slave was diseased and unsound at the time of the sale; to read the bill of sale warranting title and soundness, and also to read a certified copy of a deed of trust executed by his vendor, prior to the sale, conveying the slave to a trustee for the benefit of his creditors. The Circuit Court refused to admit the evidence, on the ground “that the defendant still had the slave in his possession, and had not been disturbed in the possession of the same;” but it was held by this Court, McKinney, Judge, delivering the opinion, that “the exclusion of the evidence was erroneous, in every view of the case, but *43 more especially under the Act of 1856, c. 71, substantially incorporated into tlie Code, section 2918,” and tbat “the evidence offered was admissible either to establish a partial or total failure, or want of consideration.”
That case, in its prominent features, is similar to, and in one particular, stronger than the present. There, the vendor had made a bill of sale warranting title and soundness; but here, the plea does not aver the existence of a bill of sale, and the warranty can only be inferred from the facts stated, from which it may be implied that there was a sale of the slave, by a person having the visible ownership and possession, who contracted that he had a lawful right to make the sale, according to the principle stated in Word v. Cavin, 1 Head, 508. In Conner v. Crunk, 2 Head, 249, it is said that “if redress. is sought against a party who has made no warranty, the difficulty is out of the way, and a tender of the property unnecessary as a pre-requisite.”
Without commenting upon the case of Conner v. Crunk, or the distinction drawn in the opinion, 2 Head, 248, 249, between that case and the case of Rosson v. Hancock, 3 Sneed, 436, in which latter case Judge Harris dissented ; and without reviewing the cases of Sample v. Looney, 1 Cooper’s Overton’s Temí. R., 66 - foot p., and the cases there cited by the editor, or citing further, the cases' in which the doctrine as to recoupment of damages has been considered, it is sufficient to declare that, under the section of the Code above referred to, and in accordance with the cases of Ford v. Thompson, and Conner v. Crunk, it is not necessary, where there was fraud in the sale of *44 property, that tbe plea should aver it was returned, or offered to be returned. In the case of Gwinther v. Gerding, 3 Head, 197, which was an action on the case for deceit in the sale of land, and turned upon the isolated question of a false representation as to title, it was held that the action could be maintained. It is said in the opinion, p. 201, that “fraud vitiates the contract, and the injured party may elect to treat the deed, or contract, as a nullity, and resort to an action on the case for deceit.” It is said, further, that “in this view, it can not be at all important whether the contract was executed or executory; or whether the deceit was in relation to a thing included in the deed or something extrinsic, or Avhether the subject was real or personal property.” In the case of Mullins v. Jones, 1 Head, 517, which was an action of debt upon a bill single, it was pleaded, among other things, that the bill single was executed to secure the payment of a part of the consideration money of a tract of land, for the conveyance of which, in fee, the vendors had executed their title bond, but that, at the time of the sale, they had no title, legal or equitable, to said tract of land, and had not since acquired any; and this Court held, that, since the Act of 1850, c. 60, the consideration may be inquired into between the original parties to the note; that the consideration, according to the plea in that case, had entirely failed for want of title in the vendors, and that the contract, being void for fraud, the purchaser might treat the whole as a nullity, and avoid the note. 1 Head, 518, 519.
Ve hold, accordingly, that because of the allegation *45 of fraud in tbis case, 'the Circuit Court erred in sustaining the demurrer to the plea. In considering the case, we have rejected the statement in the plea of the reasons for not returning the slave, as surplusage, for the reason that if there was fraud in the sale, such an offer was unnecessary. If it were important, we would consider the averments, that “the slave had gone off, and was practically free,” and that defendant was “disturbed in his possession of said slave, who became a freeman,” as utterly insufficient.
Upon the legal admission by the demurrer, of the truth of the plea, we hold, of course, that there was fraud in the sale of the slave, and remand the cause, to the end that the plaintiff may file a proper replication to the plea. There is nothing in the record to show under what circumstances the executor acted, or whether he was authorized to act by the parties really interested, or whether, after his qualification, there were any acts done by him and the purchaser, or either, to ratify the sale; and, upon these hypothetical questions, we indicate no opinion.