RreeMAN, J.,
delivered the opinion of the court:
Nave sued liarleroud on note for balance due as price of mill wheels. The defense was a warranty as to the wheels and breach of said warranty.
The count charged the jury that the defendant could not recover by way of set-off or cross-action, any damages for assumed breach of the warranty, unless he had first tendered bade or offered to return the wheels purchased-.
This was erroneous. The ease of Rosson v. Hancock, 3 Sneed, 434, is supposed to sustain tins view of the law, but that -was not an action on the warranty, but upon a deceit and fraudulent representation as to defects known to the vendor at the time of the sale. Admitting that case to have been correctly ruled, which may be doubted, the *408 rale laid down has do application. In fact, that ease is explained in 2 Head, 248, as applying only where the vendee proposes to rescind the contract, and then he can recover for the fraud, but must first tender the property back. In this view it is correct. The case cited — 2 Head, 249 — ■ distinctly holds further, that the case of Hosson v. Hancock was to be confined to a suit for fraud or deceit, when there was a warranty which is not sued on.
The party had a right to show the damages by way of cross-action arising from breach of warranty, by sec. 2918, as was properly held in the case of Ford v. Thompson, 1 Head, 266.
For the error in the charge of the court, let the judgment be reversed, and ease remanded for new trial.