BEN  ROY  IRVINE  *v.*  DEAN.

(*Nashville.    January  15,  1894.*)

1. ATTACHMENT.   *Parties.*

A debtor who has made a general assignment, though a proper party, is not a necessary party, to an attachment suit brought against his assignee and a secured creditor to impound the amount due to the latter under the assignment, and to subject it to the payment of his debts.   (*Post, pp. 347–350.*)

2. SAME. · *Set-off not allowable.*

Where the creditor of a bank cashier has attached the latter's deposit in the bank, no set-off can be allowed the bank upon the cashier's account, as against such attaching creditor, for unliquidated damages resulting from the cashier's gross mismanagement of the bank's affairs. (*Post, pp. 350, 351.*)

3. CHANCERY PRACTICE.   *Sworn answer to a petition.*

The answer, upon oath, of the complainant in a chancery cause to the petition of an intervenor setting up an adverse claim, has not the weight and effect of a sworn answer to a bill where the oath is not waived.   Its denial may be overcome by the testimony of a single witness.   (*Post, pp. 351, 352.*)

---

FROM  MARSHALL.

---

Appeal from Chancery Court of Marshall County. WALTER S. BEARDEN, Ch.

JAMES  H.  LEWIS  and  JAMES  TURNEY  for  Ben Roy  Irvine.

SWANSON & MARSHALL and C. A. ARMSTRONG for Dean.

P. C. SMITHSON for Bank.

A. N. MILLER for Merriam.

McALISTER, J.    Complainant filed this bill for the purpose of rescinding a sale of certain bank stock which he had purchased from the defendant, Dean, and to recover back the purchase-money, upon the ground of fraud in the sale. It appears from the record that, on September 10, 1891, the defendant, Dean, who, at that time, was the cashier of the Bank of Lewisburg, sold to complainant, Irvine, ten shares of the capital stock of said bank—the individual property of said Dean.    Complainant paid Dean for the ten shares of stock the sum of $1,250.    As already stated, Dean was at that time cashier of the bank, and had formerly been its book-keeper, and was perfectly familiar with the condition and internal workings of said institution. Complainant, Irvine, knew comparatively nothing of the business of said bank, and relied implicitly upon the good faith of Dean.    The latter represented to Irvine that the stock was paying from twenty to thirty per cent. annually, and was, therefore, very valuable.    The stock proved to be worthless.

On October 21, 1891—a little more than one month after the stock was purchased—the bank failed, and made a general assignment for the ben-

efit of its creditors. On October 24—three days
after the assignment—complainant filed this bill
against the trustees of said bank, making Dean a
party by publication. The bill alleges fraud, mis-
representation, and concealment on the part of
Dean respecting the value of the stock. Writs of
attachment and garnishment issued, and were served
on the trustees of the bank, attaching all *choses
in action* and effects of Dean in the possession of
the bank, including a deposit of $631 to the credit
of Dean, also certain notes amounting to $500 due
from the defendant, Dabney, to Dean, and, like-
wise, a piano in the hands of defendant, Hayes.
Pending the proceedings, one Willard Merriam, of
Kansas, intervened by petition, and asserted a claim
to the Dabney notes.

The Chancellor, upon the pleadings and proof,
decreed a rescission of the sale of the stock, and
pronounced a decree in favor of the complainant
for $1,279.30, amount of the purchase-money, with
interest, and ordered that the piano attached in the
cause be subjected to the satisfaction of the decree.
The Chancellor, however, was of opinion that com-
plainant had not effectually impounded any indebt-
edness of the Bank of Lewisburg to defendant,
Dean, or funds in the hands of the trustees of
said bank, and was therefore entitled to no relief
in that respect. The Court further decreed that
petitioner, Merriam, had established his title to the
Dabney notes, and was entitled to all of said
notes in the hands of the Clerk. Complainant,

Ben Roy Irvine *v.* Dean.

Irvine, appealed from so much of said decree as denied satisfaction of his decree out of the Dabney notes and the bank deposit to the credit of Dean, amounting to $631.

The first error assigned is that the Chancellor should have subjected the Dean deposit to the satisfaction of complainant's decree. It is insisted there was no error in this, for the reason that the bank was not a party to the bill and attachment proceedings under which it was sought to reach the indebtedness by deposit from the bank to Dean, and compel the bank to pay this debt to Irvine. The bill alleges that Dean had a deposit of $600 in bank, and the Court held that no decree could be rendered against the bank for this deposit, because the bank had not been made a party to the bill. It is insisted by appellants that it was not necessary to make the bank a party; that it was sufficient to make the trustees under the assignment parties; that the deed of assignment conveyed to the trustees all the assets of the bank, and necessarily included the deposits, and that such was the intention of the bank in making the assignment.

We are of opinion that complainant, by virtue of his garnishment attachment served upon the trustees of the bank, fixed a lien upon Dean's deposit, and whatever amount may be due Dean in the distribution of the assets of the bank may be subjected to the payment of complainant's decree. We are further of opinion that while the

bank would have been a proper party, it was not a necessary party, since the trustees are the representatives of the bank, and hold the fund sought to be reached by the garnishment.

It appears that the trustees answered that they did not hold any deposit, as alleged, subject to attachment until a settlement should be had of Dean's account with the Bank of Lewisburg. This answer was, of course, not conclusive, and the proof shows that, at the date of the service of the garnishment, the trustees, as the representatives of the bank, were indebted to Dean, on account of his deposit, in the sum of $631, and, at that time, Dean was not indebted to the bank, by account, note, or judgment. It is, however, insisted on behalf of the trustees that Dean was guilty of gross mismanagement of the affairs of the bank, in discounting worthless paper, in reckless investment of the bank's money, and other acts of misfeasance and malfeasance in office as cashier of said bank. The trustees claim that Dean is liable to the bank for an alleged sum of $5,000, on account of mismanagement, and they claim the right to hold this deposit as partial indemnity to the bank. There was no debt due the bank by account, note, or judgment at the date of the service of the garnishment, and a set-off against this deposit, on account of Dean's mismanagement of the affairs of the bank, cannot be maintained. The claim of the trustees is unascertained and unliquidated, and

is the subject-matter of future litigation between the bank and Dean.

The next assignment is that the Dabney notes should have been subjected to the payment of complainant's decree. It is insisted that the transfer of these notes from Dean to Merriam was merely colorable, and for the purpose of defeating complainant in the collection of his debt. These notes were executed on October 11, 1891, by Dabney to Dean for the purchase of lots lying in Lewisburg. As already stated, Merriam filed his petition in these proceedings, claiming the Dabney notes had been transferred to him. The deposition of Dean was taken, who proves that these notes were transferred in good faith to Merriam, in part payment of an interest purchased by the former in an insurance agency in Kansas City, and at a time anterior to the filing of the bill in this case. While there are some circumstances surrounding this transfer calculated to awaken suspicion, there is no evidence of fraud. The burden of proof to establish fraud in the transfer devolves upon the complainant.

It is insisted, however, that the petition of Merriam, setting up title to these notes, does not waive an answer under oath, that complainants, in their answer to this petition, deny every material averment in respect to the transfer of the notes, and that the answer is sworn to. The insistence is that the sworn answer to a petition is equivalent to two witnesses, or to one witness with cor-

Ben Roy Irvine *v.* Dean.

roborating circumstances. It suffices to say that this' rule of chancery practice is only applicable to bill and answer, and has never been applied to a simple petition. There was, then, no proof upon which the Chancellor could have subjected the Dabney notes to the payment of complainant's decree, and the decree, in this respect, is affirmed. But, in respect to the deposit of Dean, the Court holds that complainant, by service of his attachment by garnishment upon the assignees of the bank, fixed a lien upon Dean's interest in that deposit, and complainant will be entitled to recover whatever amount is due Dean on the settlement of the trust assignment.

The decree of the Chancellor in this respect is reversed, and in all other respects affirmed.