K. P. BLAIR *et al. v.* A. JOHNSON & SONS.

(*Knoxville.* September Term, 1903.)

1. **SET-OFF.** Applies only to mutual debts, when.

Technical set-off applies only to mutual debts. (*Post, p.* 115.)

Cases cited and approved: Ragsdale v. Buford, 3 Hay., 192; Allen v. McNew, 8 Humph., 57; Turbeville v. Broach, 5 Cold., 272; Brady v. Wasson, 6 Heisk., 134.

2. Word "demand" in set-off statute defined; cross claim or abatement against it.

The word "demand" in the expression, "arising out of the plaintiff's demand" contained in the statute, means the assertion of a right to recover a sum of money from the defendant; and when such demand is sued on, the defendant may assert a cross claim for the recovery of money against the plaintiff, or for the abatement of his demand by reason of any matter, growing out of that demand. (*Post, p.* 118.)

Code cited and construed: Sec. 4639 (S.); sec. 3628 (M. & V.); sec. 2918 (T. & S. and 1858).

3. **SAME.** Same. What defendant may show for cross claim or abatement.

For the purpose of such cross claim or abatement of "plaintiff's demand," the defendant may show that the consideration has failed; or that there was fraud or misrepresentation in the transaction whereby the defendant was damaged; or that by reason of the failure of the plaintiff to carry out his contract. the defendant has suffered some injury reasonably within tne contemplation of the parties when the contract 'was made. (*Post, pp.* 118-119.)

Cases cited and approved: McLean v. Houston, 2 Heisk., 37; Hogg v. Cardwell, 4 Sneed, 158; Porter v. Woods, 9 Humph., 56; Whitaker v. Pullen, 3 Hum., 467; Pettee v. Manufacturing Co., 1 Sneed, 385; Overton v. Phelan, 2 Head, 446, 447.

4. **CONDITIONAL SALES.** With retention of title may be defeated by replevin upon failure to pay.

The vendor in what is called a "conditional sale" of personal property, in which the title is retained to secure the purchase price, has the right, upon the purchaser's failure to pay the purchase price, to replevin the property, and thereby defeat the sale or enforce the condition inhering in the contract which contemplated a defeat thereof upon such failure to pay the purchase price. (*Post, p.* 116.)

5. **SET-OFF AND RECOUPMENT.** Not allowable for breach of warranty of soundness in replevin suit to enforce condition in sales.

For a breach of the warranty of soundness in a contract of conditional sale of personalty and retention of title to secure the purchase price, set-off or recoupment is not allowable against an action of replevin brought by the vendor to enforce a breach of the condition by a recovery of the property in accordance with the contract and the statute. (*Post, pp.* 115-120.)

Cases cited and approved: Fairman v. Fluck, 5 Watts, 516; Laycock v. Tufnell, 2 Chitty, 531; Adsolam v. King, Bull, N. P., 181; Goslin v. Redden, 3 Har. (Del.), 21; Williams v. Irby, 15 S. C., 458; Talbott v. Padgett, 30 S. C., 167; Moffatt v. Van Doren, 4 Bosw., 609; Lovenshon v. Ward, 45 Cal., 8; Gottler v. Babcock, 7 Abb. Prax., 392, note; Whitworth v. Thomas, 83 Ala., 308; Kennett v. Fickel, 41 Kan., 211.

6. **SAME.** Same. Not authorized by statute.

Such set-off or recoupment in such replevin suit is not authorized by a statute providing that "any matter arising out of the plaintiff's demand . . . . or growing out of the original consideration of any written instrument, for which defendant would be entitled to recover in a cross-action." (*Post, p.* 116.)

Code cited and construed: Sec. 4639 (S.); sec. 3628 (M. & V.); sec. 2918 (T. & S. and 1858).

Acts cited and construed: 1855-56, ch. 71.

Blair v. Johnson & Sons.

7. **WARRANTY.** Damages for breach of warranty of soundness in sales of personalty.

Where the warranty of soundness in the sale of personalty is broken the purchaser is entitled to damages, to the extent, at least, of the difference in value between the article as represented and as it actually turned out to be. (*Post, p.* 117.)

Case cited and approved: Smith v. Cozart, 2 Head, 528.

FROM RHEA.

Appeal from the Circuit Court of Rhea County.— JOSEPH C. HIGGINS, Judge.

BURKETT, MANSFIELD & MILLER, for Blair.

V. C. ALLEN, for Johnson.

MR. JUSTICE NEIL delivered the opinion of the Court.

Omitting some merely formal matters, the facts upon which the legal question to be determined in this case arises are as follows:

On the second day of April, 1901, A. Johnson & Sons sold to the defendant W. G. Taylor a wagon. A part of the purchase price remained unpaid, and to cover this portion of the purchase money Taylor executed two notes, for $20 each, one maturing the second day of June, 1901, and the other the second day of August,

1901. Each of these notes provided for the retention of the title in Johnson & Sons until the notes should be paid in full.

As a part of the contract of sale, a warranty was given (called in the transcript a "guaranty") "that the wagon was complete, and did not have any defects in either the workmanship or the material."

The above-mentioned notes having fallen due and remaining unpaid, Johnson & Sons brought a replevin suit for the wagon.

The case was brought originally before a justice of the peace, and judgment was rendered by him in favor of the plaintiff. The defendant thereupon appealed to the circuit court. At this time the only defendant was K. P. Blair, who was an employee of Taylor, but in the circuit court Taylor was allowed to become a party defendant, and allowed to defend the cause.

In the circuit court, after the facts above stated were introduced in evidence, the defendant Taylor offered to introduce the following testimony: "That he had bought the wagon upon faith of the warranty above mentioned; that within a few days after buying the wagon and using it in the ordinary course, hauling a sawlog, the tongue of the wagon broke, causing, as a natural result, one of the team of mules to be injured to such an extent that it was useless and had to be killed; that the damage to the mule, which was owned by defendant Taylor, and to the wagon, together, was $135; that the wagon tongue was made of brash, decayed, rot-

ten, and otherwise damaged timber, which caused the same to break; that the tongue was painted, and defendant Taylor had no knowledge whatever of the defects in it until it broke, but relied on the warranty; that he told plaintiffs what he wanted with the wagon before ordering it; that defendant Taylor had a new tongue placed in the wagon, and had it repaired, and when replevied it was in the custody of the codefendant Blair, who was an employee or work hand of defendant Taylor, and had no interest therein; that the damage aforesaid resulted to defendant Taylor; . . . that defendant Taylor had presented his claim for damages to plaintiff prior to the institution of this suit, and they had refused to recognize any claim or set-off against the notes."

The circuit judge declined to allow the introduction of the testimony above referred to.

The determinative question is whether a set-off or recoupment is allowable against an action of replevin brought by the vendor in a conditional sale of personal property to enforce a breach of the condition by a recovery of the property.

As to the technical set-off, it is clear that this could not be allowed, because it applies only to mutual debts. *Brady* v. *Wasson*, 6 Heisk., 134; *Ragsdale* v. *Buford Ex'rs*, 3 Hayw., 192; *Allen* v. *McNew*, 8 Humph., 57; *Turbeville* v. *Broach*, 5 Cold., 272.

Can recoupment be allowed? This question may be correctly answered upon a consideration of the true

Blair v. Johnson & Sons.

nature of the legal ideas involved in the conditional sale, and also in recoupment.

When one makes what is called a "conditional sale" of personal property, retaining the title as security, he has the right, upon failure of the purchaser to pay the purchase money, to replevin the property, and thereby defeat the sale; in other words, by means of the replevin proceedings he enforces the condition inhering in the contract by the operation of which it was contemplated between the parties that the contract itself should be defeated upon such failure to pay the purchase money.

All of the cases in this State in which off-sets have been allowed either in the way of pure set-offs, as by cross debts in an amount certain, or on demands capable of being made certain, or by way of failure of consideration, or under the doctrine of recoupment, whether in the sense in which that doctrine was understood before Act 1855-56, p. 75, c. 71 (Code 1858, section 2918), or in the broader sense in which it has been since understood, as expressed in the language, "any matter arising out of the plaintiff's demand, and for which the defendant would be entitled to recover in a cross action;" "any matter growing out of the original consideration or any written instrument, for which the defendant would be entitled to recover in a cross action"—all of these cases were suits upon some form of indebtedness claimed; none of them were actions of replevin, or suits in any form for the purpose of enforcing a condition of

a defeasible contract as a means of defeating the contract itself.

That no such defense has been interposed heretofore in replevin suits, while persuasive of the construction which the bench and bar of the State have given to our statutes and decisions for nearly a hundred years, yet it is not, of course, a conclusive reason why a claim of the character put forth in the present case may not be maintained.   Yet we think the fundamental idea involved in all offsets and recoupments is that they are brought forward by a defendant in opposition to some money demand asserted by the plaintiff.  .  In these actions it is contemplated that the plaintiff's demand shall be abated or lessened by that of the defendant.   But how can this be,. when the two actions proceed on wholly different lines, the plaintiff, by a possessory action, demanding the possession of certain property, and the defendant demanding damages by reason of the breach of a contract concerning that property?

Take, for illustration, the facts of the present case. The sale of the wagon was upon a condition.   The condition has failed, and the plaintiff has, undoubtedly, a right to the possession of the property.   There was a warranty of soundness, and, assuming as true the matters which were offered to be proven, the warranty was broken, and the defendant is entitled to damages, to the extent, at least, of the difference in value between the article as represented and as it actually turned out to be.   *Smith* v. *Cozart,* 2 Head, 528.   There would be a

judgment then for the plaintiffs to the full extent of their claim, also one for the defendant for the full amount of damage to which he would be entitled under his warranty, and neither would abate or lessen the other, or bear any relation thereto, except that they originated in a dealing in and about the same article of personal property.

At this point is where the ambiguity, if there is any, lies. The expressions, "arising out of the plaintiff's demand," and "any matter growing out of the original consideration of any written instrument," do not mean all rights that may be asserted, of whatsoever nature, by either party, to the property, or concerning the property, which was the subject of the dealing of the parties. In the first expression quoted the word "demand" means the assertion of a right to recover a sum of money from the defendant. Upon such demand being put forward, the defendant may meet it by the assertion of a cross claim for the recovery of money against the plaintiff, or for the abatement of his demand by reason of any matter growing out of that demand, and for such purpose may show that the consideration has failed; that there was fraud or misrepresentation in the transaction, whereby the defendant was damaged (*McLean* v. *Houston,* 2 Heisk., 37; *Hogg* v. *Cardwell,* 4 Sneed, 158) ; or that by reason of the failure of the plaintiff to carry out his contract the defendant has suffered some injury reasonably within the contemplation of the parties when the contract was made (*Porter* v. *Woods,* 3 Humph., 56,

39 Am. Dec., 153; *Whitaker* v. *Pullen,* 3 Humph., 467; *Pettce* v. *Tennessee Mfg. Co.,* 1 Sneed, 385; *Overton* v. *Phelan,* 2 Head, 446, 447). Substantially the same ideas are conveyed by the word "consideration" in the second passage quoted.

The foregoing propositions being sound, it follows as a necessary consequence that there could be no offset or recoupment allowed in the present case, under the form of the plaintiff's action, and hence that there was no error in the refusal of the circuit judge to admit the testimony offered.

We may add that the conclusion which we have reached on principle seems likewise to be sustained by authority. At common law set-off was not allowable in replevin. *Fairman* v. *Fluck,* 5 Watts, 516; *Laycock* v. *Tufnell,* 2 Chitty, 531; *Adsolam* v. *King,* Bull, N. P., 181; *Goslin* v. *Redden,* 3 Har. (Del.), 21.

In an action to recover a bale of cotton, a set-off of a claim for a balance on account and a balance for rent due was not allowed. *Williams* v. *Irby,* 15 S. C., 458.

In an action by a vendor, to recover possession of machinery delivered to vendee on conditional contract of sale, after breach of conditions as to payment, a set-off of a claim for damage for vendor's alleged breach of covenant was not allowed. *Talbott* v. *Padgett,* 30 S. C., 167, 8 S. E., 845.

In an action to recover possession of a pension certificate, a counterclaim that plaintiff owed defendant a balance for goods sold and delivered, with prayer that

defendant might retain possession of the certificate until such balance was paid, was disallowed. In *Moffatt v. Van Doren,* 4 Bosw., 609, and *Lovensohn v. Ward,* 45 Cal., 8, it was held that defendant could not demand in his answer, by way of counterclaim, the return to him by plaintiff of other personal property distinct from that mentioned in the complaint. It has also been held that in an action to recover chattels defendant cannot set up as a counterclaim, entitling him to affirmative relief, the performance of services for which no compensation has been rendered. *Gottler v. Babcock,* 7 Abb, Prac., 392, note. See, also, *Whitworth v. Thomas,* 83 Ala., 308, 3 South, 781, 3 Am. St. Rep., 725, and *Kennett v. Fickel,* 41 Kan., 211, 21 Pac., 93.

It results that the judgment of the court below must be affirmed.