THOMAS MACK *et al. v.* HUGGER BROS. CONST. CO. *et al.*[*]

## (*Nashville.* December Term, 1925.)

1. **SET-OFF AND COUNTERCLAIM.** ''Set-off'' must be for debt certain, and cannot be allowed for unliquidated damages or as defense in action for unliquidated damages.

"Set-off," which is independent demand of defendant made to counterbalance that of complainant, must be for debt certain, or capable of being made certain, and cannot be allowed for unliquidated damages nor as defense in action for unliquidated damages. (*Post, pp.* 263, 264.)

Cases cited and approved: Flint v. Tillman, 49 Tenn., 202; Moore v. Tate, 87 Tenn., 731; Blair v. Johnson, 111 Tenn., 115; Irvine v. Dean, 93 Tenn., 350; Scatchard v. Barge, 102 Tenn., 282; Gibson v. Carlin, 81 Tenn., 447.

2. **SET-OFF AND COUNTERCLAIM.** ''Recoupment'' may include damages suffered by any matter arising out of plaintiff's demand for which defendant would be entitled to recover in cross-action, and may be claimed in chancery court (Shannon's Annotated Code, section 4639, subsec. 2; Pub. Acts 1915, chapter 47).

"Recoupment," which is right to claim damages in reduction of plaintiff's demand, for failure to comply with some cross-obligation or for violation of some duty imposed by law in making and performing contract, may include damages suffered from any matter arising from plaintiff's demand for which defendant would be entitled to recover in cross-action, in view of Shannon Annotated Code, section 4639, subsec. 2, and may be claimed in chancery court under Pub. Acts 1915, chapter 47. (*Post, pp.* 264, 265.)

Acts cited and construed: Pub. Acts 1915, ch. 47.

Cases cited and approved: McLean v. Houston, 49 Tenn., 42; Harkleroud v. Nave, 2 Shan. Cas., 407; Lewis v. Woodfolk, 61 Tenn., 40; Overton v. Phelan, 39 Tenn., 447; Porter v. Woods, 22 Tenn., 57;

Mack v. Hugger Bros. Const. Co.

Pettee v. Tenn. Mfg. Co., 33 Tenn., 388; Blair v. Johnson, 111 Tenn., 116; Hogg v. Cardwell, 36 Tenn., 158; Porter v. Woods, 22 Tenn., 56; Whitaker v. Pullen, 22 Tenn., 467.

Code cited and construed: Sec. 4639 (S.).

3. SET-OFF AND COUNTERCLAIM. In action to recover for laying certain floors, defendant may properly recoup damages from fire caused by negligence of plaintiff's servant while laying one of them.

In action against contractor to recover for laying certain floors, defendant may properly file cross-bill seeking recoupment for damages resulting from fire caused by negligence of plaintiff's servant in dropping match in inflammable material with which he worked while laying one of the floors. (*Post, pp.* 265-267.)

Case cited and approved: Lewis v. Woodfolk, 61 Tenn., 40.

*Headnotes 1. Recoupment, Set-Off and Counterclaim, 34 Cyc., pp. 625, 654, 696; 2. Recoupment, Set-Off and Counterclaim, 34 Cyc., p. 623; 3. Recoupement, Set-Off and Counterclaim, 34 Cyc., p. 679.

FROM DAVIDSON.

Appeal from the Chancery Court of Davidson County. —Hon. John R. Aust, Chancellor.

Stokes & Stokes, for appellants.

Clarence T. Boyd, for appellee.

Mr. Justice Cook delivered the opinion of the Court.

The complainant is a resident of Illinois, engaged in making and applying a compound called "Rezilite," used in surfacing floors. The defendant Hugger Bros. Construction Company is a building contractor whose corpo-

rate domicile is Alabama. The defendant erected the Scottish Rite Temple in Nashville, and contracted with complainant to lay a Rezilite floor in that building, for which a balance of $6,350 is payable.

Under another contract, complainant laid a Rezilite floor in a building constructed by the defendant company at Greeneville, Ala., and a balance of $1,793 is payable to complainant under that contract.

The bill was filed to recover on both accounts: To impound by attachment and injunction the sum of $12,000 alleged to be due from the trustees of the Scottish Rite Temple to the construction company in satisfaction of complainant's claim; and to enforce complainant's lien for labor and material applied under the contract on the Nashville building. If a lien on the building existed it was for the sum due under the Nashville contract.

Hugger Bros. Construction Company answered the bill admitting both contracts and the debts alleged to be payable under them, and by cross-bill sought recoupment in damages for a loss alleged to have occurred through the negligence of the complainant while performing the contract on the Greeneville building. The complainant demurred to the cross-bill, and the demurrer was overruled by the chancellor, and from his action thereon an appeal was prayed and granted.

Through the assignments of error, it is insisted that the decree should be reversed: (1) Because the cross-bill does not state that the act of complainant's servant was a breach of the contract between complainant and defendant but sets up new and distinct matter unconnected with the subject of action; (2) and undertakes to set off against an action of debt unliquidated damages arising

from a tort, not committed by complainant in violation of the contract, but the independent act of a servant of complainant, done contrary to his duty and beyond the scope of his employment.

It is charged in the cross-bill that in laying the Rezilite floor the use of inflammable matter was essential to performance of the contract by complainant, and that his foreman, Gengenbach, who had exclusive charge of the work for complainant, negligently threw a lighted match upon the floor which he had recently saturated with the inflammable fluid and produced a fire that destroyed the building in course of erection by the defendant, causing almost a total loss.

The determinative question is whether the unliquidated claim for the alleged negligence of complainant's foreman under the circumstances set forth in the cross-bill can be presented as a counterclaim to complainant's action in so far as it seeks recovery upon the Greenville, Ala., contract. The terms "set-off" and "recoupment" are sometimes used interchangeably.

The defenses of set-off and recoupment are distinct remedies. Set-off is an independent demand of the defendant, made to counterbalance that of the complainant in whole or in part. It must be for a debt certain or capable of being made certain, and cannot be allowed for unliquidated damages nor as a defense in an action for unliquidated damages. *Flint* v. *Tillman,* 2 Heisk., 202; *Moore* v. *Tate,* 87 Tenn., 731, 11 S. W., 935, 10 Am. St. Rep., 712; *Blair* v. *Johnson,* 111 Tenn., 115, 76 S. W., 912; *Irvine* v. *Dean,* 93 Tenn., 350, 27 S. W., 666; *Scatchard* v. *Barge,* 102 Tenn., 282, 52 S. W., 153.

The defendant invoked the remedy of recoupment, which at common law was the right of a defendant to reduce the claim sued on by a counterclaim that sprung immediately from the complainant's claim. *Gibson* v. *Carlin,* 13 Lea, 447; 34 Cyc., 623-643; 24 R. C. L., par. 11, p. 802.

Our cases refer to the remedy of recoupment as a right to claim damages in reduction of the plaintiff's demand for failure to comply with some cross-obligation, or for the violation of some duty imposed by law in the making and performance of the contract. *McLean* v. *Houston,* 2 Heisk., 42; *Harkleroud* v. *Nave,* 2 Shan. Cas., 407; *Lewis* v. *Woodfolk,* 2 Baxt., 40; *Overton* v. *Phelan,* 2 Head, 447; *Porter* v. *Woods,* 3 Humph., 57, 39 Am. Dec., 153; *Pettee* v. *Tenn. Mfg. Co.,* 1 Sneed, 388.

This remedy, which may be invoked by a defendant, is intended to avoid circuity of action, needless delay, and unnecessary litigation, and has been given a broader and more extended application by the force of broadening statutes. *Blair* v. *Johnson,* 111 Tenn., 116, 76 S. W., 912. So that now, instead of being narrowly confined to the purpose of abating the contract price of goods sold or work done, it is allowed to recoup damages suffered by the defendant from any fraud, breach of warranty, or negligence of the complainant growing out of and relating to the transaction on which the complainant's suit is founded.

Section 4639, subsec. 2, Shannon's Code, provides: "Defendant may plead by way of set-off or cross-action . . . any matter arising out of the plaintiff's demand, and for which the defendant would be entitled to recover in a cross-action."

" 'Demand' means the assertion of a right to recover a sum of money from the defendant. Upon such demand being put forward, the defendant may meet it by the assertion of a cross-claim for the recovery of money against the plaintiff, or for the abatement of his demand by reason of any matter growing out of that demand, and for such purpose may show that the consideration has failed; that there was fraud or misrepresentation in the transaction, whereby the defendant was damaged (*McLean* v. *Houston,* 2 Heisk., 37; *Hogg* v. *Cardwell,* 4 Sneed, 158) ; or that, by reason of the failure of the plaintiff to carry out his contract, the defendant has suffered some injury reasonably within the contemplation of the parties when the contract was made (*Porter* v. *Woods,* 3 Humph., 56, 39 Am. Dec., 153; *Whitaker* v. *Pullen,* 3 Humph., 467; *Pettee* v. *Tennessee Mfg. Co.,* 1 Sneed, 385; *Overton* v. *Phelan,* 2 Head, 446, 447)." *Blair* v. *Johnson,* 111 Tenn., 118, 76 S. W., 914.

Chapter 47, Acts of 1915, excluding only actions for unliquidated damages for injuries to persons or character and injuries to property not resulting from a breach of contract, extends jurisdiction to the chancery court concurrent with the circuit court. This statute authorizes the defendant to present his claim in a cross-action in the chancery court.

The application of the rule depends upon the facts of each case from which it must be determined whether or not the matter presented by the cross-action of recoupment grew out of the plaintiff's demand; for recoupment relates to cross-demands inseparably connected with and arising out of the transaction on which the suit is grounded, and the right to recoup depends upon the com-

plainant's failure to comply with some cross-obligation, or upon the violation of some duty which the law imposed in the making and performance of the contract. *Lewis* v. *Woodfolk*, 2 Baxt., 40; 34 Cyc., 623, 24 R. C. L., par. 55, 57, p. 851.

In determining the right of the defendant to the defense of recoupment for matter arising out of plaintiff's demand, the entire transaction, requiring the things agreed to be done on each side as the condition passing between the parties, must be considered; and, when one seeks to recover on the contract, the other may demand by a cross-action recoupment for the breach of a duty expressly or by implication imposed by the contract.

According to the allegations of the cross-bill, the act of negligence for which complainant seeks recoupment was inseparably connected with the performance of the complainant's contract at Greeneville. The work required the use of inflammable fluid in laying the floors which the complainant agreed to lay. The defendant had a right to reasonably expect that in laying the floors, and while using the inflammable material, the complainant, or the foreman to whom complainant delegated the duty of executing the contract, would exercise reasonable care in the use of fire or matches, so as not to render valueless by a conflagration the work that was under construction by both parties. This implication inhered as strongly as the implied warranty attending a sale upon which the defendant could rely to recoup in damages for a breach of the contract; or the implication that one who agreed to manufacture raw material into articles of merchandise would refrain from converting or destroying the articles

while in the making, so that he could not return the property in its manufactured state to the owner.

The decree of the chancellor is affirmed, and the cause remanded for answer.