NelsoN, J.,
delivered the opinion of the court.
This action of debt was brought on the 8th of August, 1866, upon a note under seal, executed by the defendants to Smith Brady, on the 18th of Sep *132 tember, 1859, for $210, and payable one day after date. Issues were joined upon pleas of payment and nil debit, upon wbiob, and a notice of certain special defenses, the case was submitted to a jury of Meigs county, at the December Term, 1869, who returned a verdict that they found the issues in favor of the defendants, and assessed their damages to the sum of $218.30. Judgment was rendered accordingly, but the defendants, by their counsel, entered a remittitur for the full amount of the judgment except the costs. Plaintiff entered a rule for a new trial, which was discharged, and from the judgment of the Circuit Court he prosecutes this appeal.
Exceptions were taken to the reading of certain depositions and the admission of other evidence, as well as to his Honor’s charge to the jury; but the controlling question in the cause arises upon the matters alleged in the notice of special defenses, and the proofs and instructions relating to them.
The notice which was duly signed by defendant’s attorney, is as follows: ‘‘And, on the trial of this cause, the plaintiff and his attorney are hereby notified that defendants will rely on the following defenses: 1. That the plaintiff, Smith Brady, the original payee, while said note was in his possession and was due and over due, confederating with others, did become liable to defendant, A. S. "Wasson, who is principal in said note or bill single, and Sally Wasson only being surety thereto, by conveying and taking away, and assisting others in taking and carrying away, and assenting to and assisting in driving away, from and out of *133 the possession of defendant A. S. Wasson, as aforesaid principal in said note sued on, five fat hogs worth $75 each, two fat beef cattle worth $50 each, and one horse of the value of $200, making in all $610, which property satisfied and overpaid plaintiff’s demand, and he claims judgment for the residue.”
Without, at present, considering the objections to evidence, or stating the evidence itself in detail, it Avill suffice to observe that it was. proved upon the trial that Sally Wasson was a security merely to the note, and that in the fall of 1863, and during the absence of A. S. .Wasson, Smith Brady, the original payee of the note, represented to Capt. Blythe that Wasson was indebted to him; that he wished to pay himself out of his property; that, upon his representations, a squad of men were detailed, and that he and the soldiers entered upon the premises of Was-son and seized, drove away and converted to their own use, cattle and hogs, the property of Wasson, of much greater value than the amount due upon the note, the values being stated in detail by the witnesses.
Upon this state of the pleadings and testimony, his Honor the Circuit Judge, among other things, instructed the jury as follows: “If the proof in the cause satisfies your' minds that the defendant, Sally, was only surety, and the plaintiff, Brady, took the property of defendant, A. S. Wasson, in satisfaction of his debt, it would be satisfaction to the amount of the property thus taken by Brady in satisfaction of his debt. * * * So, if you find that the property was taken by. the plaintiff, or by him and oth *134 ers, in discharge of his debt, then the, plea of payment is well taken, and you will allow the same to the extent of the value at the time taken, with interest from the time of the taking till the present, if you should find the plea of payment for the defendant, A. S. Wasson, and you will then strike the balance, and return the same as your verdict.”
These novel proceedings do not demand any elaborate investigation.
1. The special defenses relied upon do not amount either to a notice or plea of set-off, but assume to treat a trespass upon personal property as a payment of a debt, and are so erroneously considered in his Honor’s charge. It is well settled that contracts and trespasses can not be liquidated by set-off; and had the defense been made either by notice or plea, it would not have been available, because a set-off is excluded in all actions ex delicto, and can not be admitted, even in actions ex contractu, if the claim of either party be for uncertain or unliquidated damages: see 1 Chit. Pl., 571, 572, m; Wat. on Set-off, 154; 14 Petersdorff’s Ab., 418, m.; Ragsdale v. Buford, ex’r, 3 Cooper’s Hayw. Tenn. B., 135, foot p.; Allen v. McNew, 8 Hum., 57.
The demand did not exist against Eogers, the plaintiff, at the time of action brought; nor did it arise out of his demand, or grow out of the original consideration; nor is it an equity or a mutual debt within the meaning of the Code, ss. 2918, 2919: see Turbeville v. Broach, 5 Col., 272; 2 Pars, on Notes & Bills, 607.
*135 Payment, in a legal sense, is the discharge of a oontract or obligation in money, or its equivalent, and it is usually made witb the assent of both parties to the contract. The word is not used in statutes or by text writers, in the bad sense of revenge or punishment. No creditor is permitted, by the laws, to seize his debtor’s property and to declare, at his own pleasure, that he will take it in satisfaction of his demand. If he so takes it, he is a trespasser, and liable in damages. To hold that he may take it when prompted by his own will, and in defiance of law, would be to hold that, when sued for the trespass, he may plead as a justification that a debt was due him in bar of the action. The right of distraint for rent never existed in this State, much less the right to commit a trespass in order to obtain satisfaction of a debt. If such a right exists as to personal property, there is no good reason why it may not be applied to the debtor’s person, and why the creditor may not, in common parlance, “take it out of him,” by beating him to his entire satisfaction. Such a holding would give unlimited encouragement to lawlessness and violence. Accord and satisfaction can be established alone by the mutual agreement and consent of the parties, and the charge of his Honor to the effect that the unlawful taking of property was a payment or discharge of the note sued upon, was erroneous.
2. The notice of the real defenses given under the pleas of payment and nil debit does not meet the requirement of the Code, s. 2915. It is double and *136 insufficient in this, that it presents an unauthorized inquiry in a court of law . and in this action, as to whether Sarah Wasson, who appears upon the face of the note to be a principal, was only a surety; and a further inquiry as to a trespass, which is a separate and independent cause of action. Although erroneously styled a notice of set-off, it should have been stricken out, on plaintiffs motion, under the last clause of said s. 2915.
3. All the evidence in the case touching the defenses embraced in the notice was inadmissable in this action, and the plaintiff’s objection to its admissability should have been sustained.
For these, and other errors existing in the record, let the judgment be reversed and the cause remanded for a new trial.