NelsoN, J.,
delivered the opinion of the court.
This action of debt was commenced before a justice, and tried, upon appeal, in the Circuit Court at Chattanooga. Chumley, the plaintiff below, sued for the amount of an account due him as one of the employees of the company. There is no dispute as to the account, but the matters in controversy arise upon the following facts: Chumley was employed by the company as driver of a switch engine, his duties being to transfer cars from one track to another, and transfer cars to connecting roads. Early in the morning of the 14th of October, 1870, the yard-master informed him that he had heard a signal of distress from the switch engine, and directed him to take an engine and go to its relief. They started with it accordingly, but without flag or signal light, on a very foggy morning, and had not proceeded more than *327 about three hundred yards when, they came in collision with the switch engine, and damages were sustained by the company to the amount of five or six hundred dollars. Under the regulations of the company, which were known to Chumley, the yard-master had no authority to give him directions as to his engine, and he codld not move it without instructions from the local agent. It was shown in evidence that the yard-master was mistaken as to the signal of distress, and that none had been in fact sounded; and the plaintiff in error, insisting that Chumley had acted without orders and not in the regular line of his duty, was liable in damages, claimed the right of recoupment in this action.
On this point, his Honor Judge Hoyl instructed the jury in substance, that if the( injury to the property of the company was done, or occasioned, by the failure of Chumley, in the discharge of the duties assigned him, to do his duty in a proper manner, or' by reason of his neglect of duty, then the damages, as to the nature and amount of which the jury were to judge, could be recouped; but if the injury was done in consequence of his departure from the line of his duty, and his interference with, or taking con-control over, property or machinery of the company with which he had nothing to do as one of its employees, then the damages could not be recouped, abated, or set off in this suit.
There is no error in this charge. The right of recoupment, as it existed at common law, was confined to matters arising out of, and connected with, the *328 transaction or contract upon which the suit is brought; and in this, as well as in having no regard to whether or not such matters be liquidated or unliquidated, it differed from the, right to set off: Wat. on Set-off, 469. But by the Code, s. 2918, sub-s. 2, the defendant may plead, by way of set-off or cross action, any" matters arising out of the plaintiff is demand, and for which the defendant would be entitled to a cross action.
In the case at bar, the right does not exist in either form. The claim of the plaintiff in error to damages, does not arise out of the contract sued upon, but depends upon an alleged injury resulting from an act done altogether outside of the contract, and having no connection with it; and so far as we are advised, no decision of this court has ever extended the right or defense of recoupment to such a case. See Overton v. Phelan, 2 Head, 447; Porter v. Woods, Stacker & Co., 3 Hum., 56; Whittaker v. Pullen, 3 Hum., 466; Hogg v. Cardwell, 4 Sneed, 157, 158; Pettee v. Tenn. Man. Co., 1 Sneed, 385, 388; Henning v. Vanhook, 8 Hum., 681, 682; Crouch v. Miller, 5 Hum., 586-7; Nelson v. Allen, 1 Yerg., 381; Sample v. Looney, 1 Coop. Over., 66, foot p.
Affirm the judgment.