THOMAS MRZENA *v.* F. J. BRUCKER.

April Term, 1876.

IMPERTINENT MATTER IN AN ANSWER WILL BE STRICKEN OUT ON EXCEPTION.—
To a bill for the enforcement of a vendor's lien on land for the unpaid purchase-money, the defendant answered that complainant did not deliver

possession at the time agreed on, and, when he did remove, carried off articles of value which of right were attached to the freehold and purchased by him, and asked for rent for the detention, and the value of the articles carried off. *Held*, that so much of the answer was impertinent, and should have been stricken out on motion.

*John Ruhm*, for complainant.
*R. Ewing*, for defendant.

THE CHANCELLOR : — Bill to enforce a vendor's lien for purchase-money retained on the face of the deed, which deed was executed on December 31, 1873. The defendant answers, admitting the allegations of the bill, and adding that the complainant agreed to give defendant possession of the property on May 1, 1873, but did not do so until near the close of the year, and that when complainant did remove, he took with him articles of value which of right were attached to the freehold purchased by defendant, and he prays an account for the reasonable rent of the premises during detention, and for the articles removed. The complainant excepted to so much of the answer as related to the detention of the premises and the carrying-off of articles belonging to the freehold. The master overruled the exception, and the complainant appealed.

The bill is simply to enforce a vendor's lien for unpaid purchase-money. The only answer strictly pertinent to the bill is one which confines itself to the existence of the lien, and bears on the right to enforce it. The answer in this case concedes the lien and the right to enforce it. It undertakes, in addition, to go outside of the bill to state matter which, if true, would give the defendant an independent right of action against the complainant. Such matter, it is clear, is in the nature of a set-off; and, if so connected with the original cause of action as to give the right of set-off, must be brought forward by a cross-bill. *Bussey* v. *Gant*, 10 Humph. 241. So of fraud. *O'Brien* v. *Hulfish*, 7 C. E. Green, 471. "The best test," says Chancellor Kent, "by which to ascertain whether the

matter be impertinent, is to try whether the subject of the allegation could be put in issue, and would be matter proper to be given in evidence between the parties." *Woods* v. *Morrell*, 1 Johns. Ch. 106. To the same effect is *Langdon* v. *Goddard*, 3 Story, 13, 23; and see *Sommers* v. *Torrey*, 5 Paige, 54. For this reason, it has been held by our Supreme Court that it is no answer to a bill to enforce a vendor's lien that the vendor's title is not good, and such matter would, on exception, have been stricken out as impertinent. *Hurley* v. *Coleman*, 3 Head, 265; *Curd* v. *Davis*, 1 Heisk. 574. And see *Stafford* v. *Brown*, 4 Paige, 89; *Hulfish* v. *O'Brien*, 5 C. E. Green, 230; *Withers* v. *Morrell*, 3 Edw. 560.

The learned counsel for the complainant, in his full and able brief, has also shown, I am inclined to think, that the matters relied upon in this answer, while they might sustain independent action, would not entitle the defendant to rely upon them in set-off, even by cross-bill, and are not so necessarily connected with the land as to come under the head of recoupment. *Brady* v. *Wasson*, 6 Heisk. 131; *Nashville & Chattanooga R. Co.* v. *Chumley*, 6 Heisk. 325; *Ragsdale* v. *Buford*, 3 Hayw. (Tenn.) 191; *Jennings* v. *Webster*, 8 Paige, 503; *Dolman* v. *Cook*, 1 McCart. 68.

The master's ruling must be reversed, and the matter excepted to stricken out of the answer.