THE ARCO COMPANY *v.* GARNER & COMPANY.

(*Nashville.* December Term, 1920.)

1. **SET-OFF AND COUNTERCLAIM.** Independent claim cannot be made subject of recoupment.

   A claim arising out of transactions unconnected with the transaction out of which plaintiff's cause of action arose cannot be subject of recoupment. (*Post, p.* 264.)

2. **SALES.** Warranty implied of fitness for purpose.

   Where two barrels of paint were sold, there was an implied warranty that the paint was suitable and fit for the purposes for which it was purchased. (*Post, p.* 264.)

3. **SET-OFF AND COUNTERCLAIM.** Claim for breach of warranty of paint sold not subject of set-off as "unliquidated."

   Claim of buyers of two barrels of paint for damages against the seller for breach of warranty of suitability and fitness because the paint was in fact worthless *held* "unliquidated," the demand for damages not having been adjusted, settled, or agreed upon by the parties, so that the buyers could not set it off against the claim of the seller for the price of another barrel of paint. (*Post, pp.* 264-267.)

   Cases cited and distinguished: Martin v. Kirk, 21 Tenn., 531; Kirkeys & Son v. Crandall, 90 Tenn., 532; Swift & Co. v. Warehouse Co., 128 Tenn., 93; Brady v. Wasson, 53 Tenn., 134.

---

FROM WILLIAMSON.

---

Appeal from the Circuit Court of Williamson County to the Court of Civil Appeals, and by *certiorari* to the Court

of Civil Appeals from the Supreme Court.—HON. J. C. HOBBS, Judge.

W. J. SMITH and J. C. EGGLESTON, for appellant.

R. H. CROCKETT, for defendants.

MR. JUSTICE MCKINNEY delivered the opinion of the Court.

The plaintiff, the Arco Company, sued the defendants, Garner & Co., on an account in the sum of $87.50 for one barrel of paint purchased from it on June 18, 1917.

The defendant did not deny the account, but filed the following plea to wit:

"For plea the defendant says that the plaintiffs are indebted to them for and on account of the price of two barrels of paint in the sum of $86.25, and they plead this indebtedness by way of set-off, and in recoupment, against the account and claim sued on."

The facts supporting said plea are as follows: In August and September, 1916, the defendants purchased from the plaintiff two barrels of paint for the agreed sum of $86.25, and which was fully paid for by November 9, 1916. The defendants also paid $6.46 freight charges on said two barrels of paint, making the total cost for the two barrels of paint $92.71.

According to the concurrent finding of the circuit judge and the court of civil appeals the paint was worthless, and the defendants' plea of set-off was sustained by the circuit judge, and a judgment rendered for the defendants against

the plaintiff for $5.21, being the difference between $92.71 and $87.50.

The judgment of the circuit court was affirmed by the court of civil appeals, and the plaintiff has filed in this court a petition for writ of *certiorari* to review the judgment of said two courts.

There is but one question to be determined by us, viz.: Is the claim of the defendants of such a character as that it can be sustained by way of set-off or recoupment?

Since it arises out of transactions independent of and in no wise connected with the transaction out of which the plaintiff's cause of action arose, it is elemental that it cannot be sustained by way of recoupment.

It is then to be determined whether it can be pleaded as a set-off.

There was an implied warranty that the two barrels of paint were suitable and fit for the purposes for which they were purchased. It turned out that the paint was worthless, and that the warranty was therefore breached, and the defendants had a claim for damages against the plaintiff for a breach of warranty, *ex contractu.*

The next inquiry is, Was this claim for damages liquidated or unliquidated?

In *Martin* v. *Kirk,* 2 Humph., 531, this court said: "What, then, is the common parlance meaning of the word 'liquidation'? It appears to be a word of French origin, and is, in the Dictionary of the French Academy, said to be 'a term of jurisprudence, of finance and of commerce; the action by which one determines, or fixes that, which

has been indeterminate in every species of accounts; liquidation of expenses, of interest, of accounts; liquidation of profits; liquidation and partition of a succession. He labors for a liquidation of his debts, of his effects, of his accounts.' Webster defines the word 'liquidate,' 'to pay, settle, adjust and satisfy.'

"From this meaning of the word, as established by these high French and American authorities, it would appear manifest, that the words liquidate and liquidation, when applied to a bill, bond or note, or bill of exchange, mean a payment and satisfaction thereof, there being nothing else to liquidate, there being nothing else indeterminate, the amount due, and the date of payment, being already fixed by contract. When applied to open accounts, they mean a settlement and adjustment of the accounts, by which the amount due is to be ascertained by mutual examination by the parties interested."

In *Kirkeys & Son* v. *Crandall,* 90 Tenn., 532, 18 S. W., 246, this court said: "Strictly speaking, 'unliquidated damages' are such damages as have not been ascertained or fixed by contract."

In *Swift & Co.* v. *Warehouse Co.,* 128 Tenn., 93, 158 S. W., 480, this court approved of Bouvier's definition of liquidated damages, which is as follows:

"Damages, the amount of which has been determined by anticipatory agreement between the parties. Damages for a specific sum, stipulated or agreed upon as a part of a contract as the amount to be paid to a party who alleges and proves a breach of it."

In 25 Cyc., 1444, in a note, a number of definitions are given as to the meaning of the word "liquidated," but the one that seems to be most generally accepted and supported by a long list of authorities is as follows:

"An account, claim, debt, or demand is liquidated when the amount due is fixed by law, or has been ascertained and agreed upon by the parties."

This same work, on the preceding page, defines "liquidate" to mean "to adjust;" "to settle." So that if an account is liquidated, it is adjusted or settled, or agreed upon by the parties.

In the instant case the demand for damages for this worthless paint had not been adjusted or settled, or agreed upon by the parties, and hence it was not a liquidated claim; and if it were not liquidated, then it was unliquidated.

In *Brady* v. *Wasson,* 6 Heisk., 134, this court said: "The special defenses relied upon do not amount either to a notice or plea of set-off, but assume to treat a trespass upon personal property as a payment of a debt, and are so erroneously considered in his honor's charge. It is well settled that contracts and trespasses cannot be liquidated by set-off; and had the defense been made either by notice or plea, it would not have been available, because a set-off is excluded in all actions *ex delicto,* and cannot be admitted, even in actions *ex contractu* if the claim of either party be for uncertain or unliquidated damages" (citing authorities).

Arco Co. v. Garner & Co.

This seems to be the general rule in other jurisdictions. 34 Cyc., 654.

We are of the opinion that the claim asserted by the defendants cannot be set off against the claim of the plaintiff, because, while it grows out of contract, it is for unliquidated damages, and under the above authority cannot be pleaded as a set-off in a suit of this character.

It results that the application for the writ of *certiorari* will be granted, and the judgment of the court of civil appeals and of the circuit court will be reversed, and a judgment will be rendered here for the plaintiff for $87.50, without interest, and for the costs in the several courts.