FISCHER LIME & CEMENT CO., Appellee, v. A. J. SUZORE, Appellant.

Western Section. April 5, 1930.

Petition for Certiorari denied by Supreme Court, July 19, 1930.

L. E. Hammons, Sivley, Evans & McCadden, of Memphis, for appellant.

G. P. Douglass, of Memphis, for appellee.

HEISKELL, J.  In November, 1926, the defendant Suzore, owner of the real estate described in the original bill, by special agreement, bought of the complainant company, certain brick, lime, cement and other building materials for the erection of a moving picture show building on said real estate.  The said materials were delivered by the company to Suzore as the work progressed, the first of said materials being sold and delivered about November 18, 1926, and the last materials being delivered about April 23, 1927.  The contract price of the materials aggregated $3904.59.  During the progress of the work Suzore made payments from time to time aggregating $1604.59, in cash paid and materials returned.

The original bill was filed and the property attached for the enforcement of the company's materialman's lien, and for the collection of the balance due.

Defendant Suzore filed an answer and cross-bill in which he admits the correctness of the balance claimed for material purchased, but pleads set-off and recoupment based upon this state of facts. On or about January 6, 1927, when said building was nearing completion, a contract was made by defendant with the complainant company to put a roof on the buildings for and in consideration of $480.  This roof was to be laid on a concrete slab surface already prepared in the erection of the building.  This contract was made with the contract department of the complainant company, a separate and distinct department from the sales department through which the sale of material in November was negotiated.  Other contractors bid on the roofing job and while it was let to the complainant·company, it was entirely distinct from the transaction in regard to the purchase of material.  The $480 due on the roofing contract was paid on March 19, 1927.  No part of the amount due for the roofing is sued for or claimed in this suit.

Cross-complainant, Suzore, contends that he was engaged in the moving picture show business, and that he was in a hurry to com-

plete the building for an early opening for business; that he had purchased a large number of films to be used in his picture show, commencing with the said early opening, all of which facts were made known to the company, and that he, in turn, agreed to accept the company's offer and pay the company the said $480 for said roofing job if and provided the company would put on said roof at once in order that Suzore might proceed with the plastering and other interior finishing work in the building, although other materialmen had offered to do the same roofing job for less money; that the company thereupon specifically agreed and promised to do so, assuring Suzore that it would proceed at once to put on the said roof, and urged Suzore to go ahead with the plastering and other interior work, and assured him that the roof would be put on at once and in ample time to protect said interior work from rain and weather; that, confidently relying upon the company's promise and assurance, Suzore accepted the company's offer, and proceeded to have the plastering and decorating done inside of said building, or to the extent of 800 yards thereof, thereby expending much money for labor and materials; but that instead of the company carrying out or complying with its promise and agreement to put on the roof at once, it carelessly and negligently delayed, failed and refused for a long period of time thereafter to put on said roof, although well knowing that the building was being plastered and that the interior thereof was thereby being exposed to weather conditions, and thereby allowed much rain to fall inside of said building and ruin or badly damage all of the plastering put inside of the building, thereby directly causing Suzore to suffer great losses and damages for labor and materials for replastering and redecorating the interior of the building; and, moreover, thereby causing Suzore to sustain great additional damages and loss of business, loss on account of pictures bought and not used because of the long delay in putting a roof on said building, all occasioned by the company's neglect and unwarranted delay in or failure to put on the roof promptly as it agreed to.

Cross-complainant asks a decree by way of set-off or recoupment for $1900.

The complainant company answered the cross-bill denying all the material allegations as to negligence, breach of contract, and consequent damages. It is averred that the contract to do the roofing for $480 was in writing in the form of a letter dated January 6, 1927, and was entirely separate and distinct from the sale of material made in November and that the amount due for the roofing was fully paid on March 19, 1927.

The Chancellor's finding of facts, so far as necessary to notice same is as follows:

"The contract for the roof is a separate and distinct contract in the form of a letter from the complainant to the defendant,

offering to apply the roof for $480, and accepted by the defendant. This contract was given to complainant in competition with other bidders; there is no provision in it that the roof should be completed by a specified time, and nothing to indicate that time was of the essence of the contract, but defendant testifies that the roofing contract was given to complainant in preference to a lower bidder in consideration of complainant's agreement to do the work at once. I find as a fact that the complainant had knowledge that defendant was anxious to get the roof on as soon as possible, so that he could complete the interior decorations and get his theatre opened for business. The complainant did not apply the roof at once although the materials were delivered on the job on January 6th; there was a delay of some three weeks in starting the work, and it was completed in the early part of February. The defendant paid for the roof on March 19, 1927.

"The complainant operates its business in two departments, its sales department and its contract department, and the records of the two departments are strictly separate from each other. All sales of materials are handled through the mercantile or sales department, and all contracts for roofs, pipe coverings, etc., are in the contract department, and in the present case the building materials were sold in the sales department, and the roof contract was handled in the contract department. Different sets of books are kept in the two departments.

"Defendant made payments from time to time on the merchandise account, but became delinquent along in the spring of 1927; and finally in July the claim was placed in the hands of complainant's attorney for collection. While he made frequent complaints about the complainant's delay in starting the work on the roof, and was continually urging it to put it on while the weather was dry, he made no claim for damages for the delay in putting it on until the filing of his cross-bill on September 22, 1927.

"Under the foregoing facts, which I think are well established by the record, the defendant's cross-bill must be dismissed, first, because his claim for damages does not arise out of the same transaction on which the complainant's action is based; and second, because his claim for damages was not seasonably made."

There is much conflict in the evidence as to just what the undertaking of the complainant was in regard to the roofing, just how far complainant was excusable for the delay in putting on the roof owing to weather conditions, and whether or not the cross-complainant made claim for damages before filing the cross-bill. In the view we take of this case, it is not necessary to consider this proof.

This cross-bill is in terms as well as in substance a plea of set-off and recoupment. The claim is for unliquidated damages, and grows out of a separate and distinct contract from that sued on by the complainant.

The law is well settled that unliquidated damages cannot be set-off. And it is equally well settled that recoupment will not lie where the matters sought to be recouped grow out of a contract separate, distinct and independent of the contract made the basis of the original demand or suit. Arco Co. v. Garner Bros., 143 Tenn., 262; Sledge & Norfleet v. Bondurant, 5 Tenn. App., 319; Mack v. Hugger Bros., 153 Tenn., 265; Lewis v. Woolfolk, 2 Bax., 25, 40; Hulme v. Brown, 3 Heisk., 679; Allen v. McNew, 8 Hump., 46; Bolinger v. Gordon, 11 Hump., 62; Brady v. Wasson, 6 Heisk., 131; Irvine v. Dean, 93 Tenn., 350; Nashville, etc., Ry. Co. v. Chumley, 6 Heisk., 325.

It is not even contended by the cross-complainant that his counter-claim does not involve unliquidated damages. Under the authorities cited it is beyond question that set-off cannot be maintained. It is contended, however, that the two transactions, the sale of material in November and the roofing contract in January are so mixed and intermingled as to constitute but one whole transaction. If this is true, then recoupment might be allowed. But the case of Arco Company v. Garner & Co., 143 Tenn., 262, settles this question against appellant. In that case the plaintiff sued for $87.50 for one barrel of paint purchased from it June 18, 1917, and the defendant tried to set up by way of recoupment that two barrels of paint previously purchased from plaintiff had proved worthless. The court held that recoupment would not lie because the two sales were separate and independent transactions. The present is a stronger case than that against the cross-complainant. If two identical sales of similar material by the same plaintiff are separate transactions so that damages arising out of one transaction cannot be set up by way of recoupment against a suit to recover on the other, certainly the two transactions in the present case, one a plain sale of material by the sales department of the complainant company and the other a contract to put on a roof made by a different agent representing the contracting department of the complainant company, are separate and distinct transactions.

Inasmuch as neither set-off nor recoupment can be maintained even if the cross-complainant has a good cause of action in a separate suit, it is useless to discuss the conflicting evidence. However, the preponderance might be held to be, the result would be the same. The assignments of error must be overruled and the decree of the Chan-

cellor affirmed. The appellant and surety on the appeal bond will pay costs of appeal.

Owen and Senter, JJ., concur.