COUNTY BOARD OF HIGHWAY COM'RS *et al. v.* WILDE,
COUNTY JUDGE, *et al.*

(*Jackson,* April Term, 1942.)

Opinion filed June 27, 1942.

142

John F. Hall and J. L. Harrington, Jr., both of Jackson, for complainants.

S. J. EVERETT, HUGHLON AKIN, and MURCHISON & MANHEIN, all of Jackson, for defendants.

MR. CHIEF JUSTICE GREEN delivered the opinion of the Court.

This is a suit by the highway commissioners of Madison County, joined by certain citizens of that county, primarily to prevent the payment out of county road money of $5,000 for a section of road rebuilt under contract with the quarterly county court. The highway commission had previously refused to authorize this work. The county, the county judge, the trustee, and others were made defendants to the suit. A preliminary injunction was issued but on final hearing was dissolved and the bill dismissed.

Although the decree recites that the bill was dismissed at complainants' cost, the chancellor made a declaration in part favorable to complainants. Both sides excepted and each prayed a special appeal. The complainants' appeal was perfected.

A highway commission for Madison County was set up by chapter 230 of the Private Acts of 1917. The theory of the bill was that this Act gave the commission exclusive control of the Madison County roads with exclusive power to designate the roads to be opened or improved, and the exclusive power to allocate the funds available for highway purposes.

The defendants, while generally conceding the authority and powers of the highway commission in the premises, in the absence of action by the quarterly county court, answered that the latter body was authorized "to let any particular road . . . to contract" under

Code, sec. 2958, and to apply county road funds to such contract.

At the hearing below it appeared that the contract had been performed and the road accepted. At the hearing in this court, as we understood from counsel, the injunction having been dissolved, the contractor had been paid.

The chancellor decreed:

''Ist. That under the bill as amended, the complainants had a right to institute this cause of action, the Court was not fully decided as to whether or not the County Board of Highway Commissioners, of Madison County, Tennessee, had a right as a Board to bring said cause of action.

''2nd. That the County Court as a Quarterly County Court or otherwise, did not have a right to divert the two cent Gasoline Tax, known as Gas Tax from the State of Tennessee, and that the County Board of Highway Commissioners of Madison County, Tennessee, and no other one had any right or authority to expend said two cent Gasoline Tax, this being provided by Statute.

''3rd. The Court finds that the Bridge and Levee Tax, amounting to more than $8,000.00 a year; levied and collected by County authorities is subject to being handled and controlled by the legislation of the Quarterly County Court; and same amounting to more than $5,000.00 that went into the Budget for 1940-41 and that said County Court had the right to order expenditure from such fund, being Bridge and Levee Tax.''

As heretofore stated, the decree thereupon proceeded to dissolve the injunction and dismiss the bill at complainants' cost and then recited:

''The defendants except to so much of the findings of the Court that the complainants, as brought in by amend-

ments, were or might have been authorized to institute the suit; and the defendants further except to so much and those parts of the finding part of the decree as found that the County Court had no authority to use the two cent gas tax and holding that the County Board of Highway Commissioners 'Alone had authority to spend' such two cent gas tax.

"Complainants except to so much of the findings of the Court, and the decree of the Court that holds the Quarterly County Court has any control over the Bridge and Levee Tax as levied by the Court and collected by the County authorities after same has been budgeted by the Court; and they further except, to the Court dissolving the injunction in this cause; and in dismissing the bill; and in taxing the complainants with the cost, when the Court partially decrees in favor of complainants; and prays an appeal to the next term of the Supreme Court of Tennessee at Jackson; and the Court is pleased to and doth grant said appeal; conditioned upon complainants making and filing a good and solvent cost bond in the sum of $250.00 within thirty days from this date."

The argument in this court, oral and printed, has taken a rather wide range but our decision is necessarily limited by the condition of the record.

The transcript shows that the appeal of defendants was not perfected and their assignments of error can not be considered. This is so because the complainants' appeal, which was perfected, was a special appeal.

Unless chapter 230 of the Private Acts of 1917 effected an implied repeal of Code, sec. 2958 the quarterly county court was clearly within its right in letting this contract for the road work in controversy. There is no implied repeal of an earlier Act by a later Act unless

there is an irreconcilable conflict between the two. *Stonega Coke, etc., Co.* v. *Southern Steel Co.,* 123 Tenn., 428, 131 S. W., 988, 31 L. R. A. (N. S.), 278; *Crockett County* v. *Walters,* 170 Tenn., 337, 95 S. W. (2d), 305.

Code, sec. 2958, is taken from chapter 1 of the Acts of 1891 (the general road law), being section 45 of that Act and reads as follows: "The quarterly county court is empowered to let any particular road or road section to contract, in which event the laws applicable to overseers of public roads shall apply to such contractors in working the hands assigned to such roads; **and said** hands so assigned to work their time on such roads shall bear the same relation to such contractor as they would to an overseer. In case the quarterly county court shall elect to have any road or roads built or worked by special contract, said court shall specify and set out on its minutes, or by written contract with the contractor, the nature and character of the work to be done and extent of the same, and the county judge or chairman of the county court and the commissioners of such road district shall constitute a board for letting such work to contract. The said contractor shall execute a bond, payable to said board, for the use of the county, for the faithful discharge of his contract; and taxes due for road purposes from such road district, and the labor performed by the hands assigned to such road and contractor, shall be used in full or part payment for the work done under such special contract, and the remainder, if any, due the said contractor, shall be paid out of the county treasury by direction of the quarterly county court, after being first ratified by the board in charge of such work."

Other sections of the Act of 1891, also carried into the Code, provide that the quarterly county courts shall divide each county into road districts and elect a road

commissioner for each district. The powers conferred upon the several commissioners over the roads in their districts are practically the same as the powers conferred by chapter 230 of the Private Acts of 1917 on the Madison County highway commission over the roads of that county as a whole.

Section 4 of the Act of 1917 gives the Madison County highway commission full control over the public roads and bridges of that county. Section 5 of the Act of 1891 gives each commissioner control of the roads and bridges in his district.

Section 19 of the Act of 1917 gives the highway commission power to open, change, close, or restore public roads upon petition of ten freeholders or upon their own initiative. Section 14 of the Act of 1891 confers the same powers on each commissioner over the roads in his district.

Section 15 of the Act of 1917 provides that the highway commission may purchase all road materials and implements. Section 15 of the Act of 1891 gives the same power to each commissioner with respect to materials and implements necessary for the roads in his district.

So it goes through the two Acts. The highway commission and the several highway commissioners are given equivalent powers, except that the authority of the commission extends over the county and the authority of each of the commissioners is confined to his district.

If in the legislative mind there was no incompatibility between section 45 of the Act of 1891 and other sections of that Act, it can not be said that the lawmakers regarded the provisions of chapter 230 of the Private Acts of 1917 as irreconcilable with section 45 of the Act of 1891.

Again, the Code of 1932 included section 45 and other sections of chapter 1 of the Acts of 1891 above mentioned. This showed a plain legislative intent, persisting after the Act of 1917, that the general control given to the Madison County highway commission over the roads and road funds of that county was to co-exist with, not to supersede, the authority of the quarterly county court "to let any particular road . . . to contract."

The Act of 1917 was amended by some later Acts which we need not refer to as these amendments do not touch the question before us.

It is urged by the complainants that the Budget Act, chapter 123 of the Private Acts of 1933 and amendments thereto, under which Madison County operates, interfered to prevent the county court from letting this particular contract here in litigation. We do not think so. That Act provides for the submission of a tentative budget to the quarterly county court by the several departments and officials of Madison County and provides that at its July term a budget shall be adopted by the court. This procedure appears to have been followed and a certain amount allocated by the quarterly county court to the county highway department at its July, 1941, term. The argument is, the allocation having been made, the quarterly county court was without authority by a later resolution to make a change in the budget. To use any part of the budgeted sum for another purpose. That the authority of the quarterly county court had ended and the budgeted sum could only be expended by the highway commission.

The record shows, however, that the budget set up by the quarterly county court for the highway commission's use was conditional. At the July term the quarterly county court by resolution directed that $5,000 of the

gas tax money receivable by the county from the State was to be applied to the building of this road and this resolution provided that "all prior resolutions relative to said budget shall be amended to conform to this resolution." We assume that the budget had been set up by the court before this resolution was passed.

Later, at a special meeting of the quarterly county court, on July 29, 1941, a resolution was adopted, reciting that the highway commission had refused to carry out the instructions of the court with regard to this particular road, and proceeded to authorize the letting of a contract for the road. The resolution at this special meeting then continued: "Be it further resolved that the County Judge of Madison County, Tennessee, be instructed to either transfer $5000.00 from the surplus gasoline money received from the gasoline tax to a special fund known as Bemis Road Fund or transfer from the amount set out in the 1940-41 Budget a sum of money in the amount of $5000.00 to the Bemis Road Fund, this money being taken from the tax levy in the amount of 4-cents, which is county money."

The quarterly county court thus manifested a clear intention that $5,000 of the highway funds was to be used for the road in controversy. The court reserved $5,000 from the highway funds for the special purpose. This sum was not to be included in the budget and subject to uncontrolled expenditure by the highway commission. All this was shown by the resolution passed at the regular July term. The resolution passed at the special term on July 29 was to remove from controversy the question of the power of the quarterly county court to apply any of the gasoline tax money to a special road contract. The chancellor found that it was not necessary to use any part of the gasoline tax money in this case.

▉▉ So, specifically passing on the questions before us, we think there is no irreconcilable conflict between chapter 230 of the Private Acts of 1917 and section 2958 of the Code and that the county court acted within its authority in letting this particular contract for the Bemis road. We may grant for the purposes of this case only that a proposed budget, definitely approved by the quarterly county court, can not thereafter be changed by that body. Nevertheless the fact is in this case that the $5,000 in controversy was included in the budget by the court on condition that it be used for the Bemis road. The highway commission refused to observe this condition and accordingly is not entitled to claim the money.

▉ Some question is made by the defendants as to the right of complainants to maintain this suit. In so far as the bill sought a declaratory judgment, we think it was properly brought. There was a *bona fide* controversy between two sets of county officials. See *Crockett County* v. *Walters,* 170 Tenn., 337, 95 S. W. (2d), 305.

We think the form of the chancellor's decree should be modified to show that the complainants' bill is sustained as one for a declaratory judgment. A declaration is here made on the questions before us, as indicated in this opinion.

▉ This being a *bona fide* controversy between county officials as to their respective rights, we think the entire costs should be paid by Madison County.