**GENERAL TRUCK SALES, INC.,**
Complainant-Appellee,

v.

**W. N. BATEY, d/b/a Batey Moving & Storage
Company, Inc., Defendant-Appellant.**

Court of Appeals of Tennessee,
Middle Section.

Dec. 1, 1972.

Certiorari Denied by Supreme Court
May 7, 1973.

James R. Cheshire, III, Waller, Lansden, Dortch & Davis, Nashville, for complainant-appellee.

Jack Green, Nashville, for defendant-appellant.

## OPINION

TODD, Judge.

The defendant, W. N. Batey, d/b/a Batey Moving & Storage Company, has appealed from the Chancellor's decree in favor of the complainant, General Truck Sales, Inc., for $6,207.59 upon an open account for service and repairs to defendant's trucks plus interest of $1,327.61 from the filing of the bill making a total of $7,535.20.

As amended, the original bill alleged total indebtedness of $7,245.42, however the Chancellor disallowed $1,037.83 of the claim, resulting in the principal award of $6,207.59 aforesaid.

The complainant-appellee has assigned as error the said disallowance of $1,037.83.

The defendant-appellant has assigned three errors, as follows:

1.

"There is no evidence to support the ruling of the Court and same is contrary to law.

2.

"The Court below erred in entering judgment against the defendant for unauthorized repairs made by complainant to his (defendant's) vehicles in the amount of $1,615.55, said amount being for repairs made after November 1, 1966 when complainant was given specific notice to not repair any vehicles of defendants without a purchase order signed by W. N. Batey or Della Batey or after November 28, 1967 without a purchase order for any amount in excess of $50.-00.

3.

"The Court erred in allowing interest from June 25, 1968, the date of the filing of the bill, instead of the date of entry of judgment."

Complainant is in the business of selling, leasing, servicing and repairing trucks.

Defendant is in the hauling and storage business and owns a number of trucks. However, a considerable number of defendant's trucks are leased to operators who are primarily responsible for maintenance and repair of same.

Complainant has maintained and repaired defendant's trucks for a number of years.

On October 24, 1966, in order to prevent lessees of his trucks from charging services and repairs to him, defendant gave notice to complainant that, effective November 1, 1966, no further charges should be made against defendant without a purchase order signed by himself or his wife, Mrs. Della Batey.

On November 28, 1967, further instructions were given to employees of complainant as follows:

"ABSOLUTELY NO CHARGES ON BATEY MOVING & STORAGE COMPANY WITHOUT A PURCHASE ORDER NUMBER FOR ANYTHING OVER $50.00. THESE INSTRUCTIONS PER JIM GALLOWAY, 11–28–67, Per BILL BATEY."

The present suit was instituted by complainant in Chancery Court on June 25, 1968, based upon a sworn account in the amount of $6,464.08 extending from July 24, 1965 to March 25, 1968. The oath to the answer was waived, and defendant filed an unsworn answer denying liability.

At some time contemporaneous with this suit, defendant filed a suit against complainant in Circuit Court.

On February 16, 1970, complainant amended its bill to add to the account a

charge of $781.34 entered on June 26, 1968, increasing the total demand to $7,245.42. Again, the oath to the answer was waived, and defendant filed an unsworn answer denying liability.

At this point, by consent of the parties, the said Circuit Court suit of defendant against complainant was transferred to Chancery Court to be tried with this suit; however, in the final decree herein, the Chancellor declined to rule upon the issues in the Circuit Court suit and remanded same to Circuit Court. No part of the record of the Circuit Court suit is preserved in this record, hence none of its details are available to this Court except for random references thereto in the testimony which indicate that said suit sought damages for improper performance of work on one or more of defendant's trucks.

On August 6, 1971, complainant again amended the bill to rely upon the theories of acquiescence, unjust enrichment and estoppel to establish liability for charges not expressly authorized by purchase order.

In response to demand of complainant, defendant filed a sworn answer adopting previous answers and denying liability as alleged in any of complainant's pleadings. The gravamen of defendant's defense was, and is, that he should not be held liable for any charge which does not qualify under the notices of October 24, 1966, and November 28, 1967, supra, and, further, that repairs performed otherwise were for the benefit of his lessees and not that of defendant.

Since the complainant, which did not appeal, has assigned error upon the disallowance of part of its claim, it must be determined whether the record is in such state that such assignment can be considered.

The conclusion of the decree from which appeal was taken is as follows:

"Defendant respectfully excepts to this decree and to the foregoing action of the Court and prays and is hereby granted an appeal therefrom to the next term of the Court of Appeals at Nashville. Defendant's appeal is conditioned upon his filing an appeal bond in accordance with law."

■ Where a special, or limited appeal is perfected by only one party, assignments of error by the appellee beyond the scope of the appeal are not considered. County Board of Highway Commissioners v. Wilde, 179 Tenn. 141, 163 S.W.2d 329 (1942).

Where, however, the appeal is broad or general, assignments of error by the appellee may be considered. Nance v. Winebarger, 32 Tenn.App. 229, 222 S.W.2d 231 (1949).

■ The present cause is before this Court for determination de novo upon the record with a presumption of the correctness of the decree of the Chancellor unless the preponderance of the evidence is otherwise. T.C.A. § 27–303. Since the appeal is not limited and the consideration in this Court is de novo, the assignment of appellee may properly be considered.

At the trial of this cause, the parties were at great pains to identify those charges which were supported by purchase orders and those which were not. Likewise, this Court has spent considerable time in analyzing more than 150 items which appear on complainant's account.

Nine charges amounting to $462.75 are fully supported by valid purchase orders.

Another group of four charges are only partly supported by valid purchase orders, that is, some of the items on these charges are and some are not included on the corresponding purchase order.

Another group of 22 charges are supported only by purchase orders which are blank, unsigned, or signed by unauthorized persons.

Still other charges are completely unsupported by any semblance of a purchase order.

The record includes a copy of the accounts payable ledger of defendant in regard to his dealings with complainant. Defendant's said record agrees exactly with the claim of complainant in its first original bill ($6,464.08) and contains every charge claimed by complainant except the charge of $731.34 added to the claim by amended bill.

■ Said record of defendant is evidence of the most convincing character. It constitutes an admission of a party which is substantive evidence. Jones v. Lenoir City Car Works, 216 Tenn. 351, 392 S.W. 2d 671 (1965); Puckett v. Laster, 56 Tenn.App. 66, 405 S.W.2d 35 (1965); 32 C.J.S. Evidence § 694, p. 942ff; 30 Am. Jur.2d, Evidence, § 916, p. 37.

■ The book accounts of a party are not necessarily conclusive against him, nevertheless, they constitute evidence of the most persuasive character; and, until satisfactory explanation or evidence to the contrary is offered by such party, his rights may properly be determined by his own records.

In the present case, the defendant makes no specific contest of any of the charges appearing on his own books except three invoices totalling $1,213.33 which are supposedly supported by Purchase Order No. 5055. His testimony in this regard is as follows:

"Q. Do you or do you not agree that you owe all the monies for which there are purchase orders that have been signed by you or Mrs. Batey?

A. I would agree, yes, sir.

Q. And do you agree that on the ones we disputed because there was more work done than authorized, do you agree you owe—for whatever the amount was charged on the work authorized on the purchase order, you owe that?

A. I would agree it is entirely possible, all except one. I specifically, distinctly remember the others but I do not remember that one. I will agree it is entirely possible that the additional work was authorized all except this one purchase order which I believe was number 5055.

Q. Which purchase order are we talking about that was authorized?

A. Well, the purchase order 5055 which covered the ICC inspection to the four pieces of equipment mentioned in the purchase order, I remember this because when we got the invoice for this they had done from three to nearly five hundred dollars worth of work on each piece of that equipment. I did not know anything about them doing it and I distinctly remember going over there and asking them why they would do all this work on this equipment without notifying me. I did not remember anything about any of the others."

The said purchase order authorizes the "inspection" of three trucks and repairs to a clutch and hood on one. It is insisted by the complainant that all of the charges of $1,213.33 represented repairs of deficiencies discovered by the authorized "inspections."

In any event, said charges of $1,213.33 appear on defendant's own books, thereby creating a strong inference of their validity. Defendant does not deny that the particular repairs were indeed performed on his trucks. His only insistence is that the charges should have been paid by his drivers who were his "contract-lessees." So far as this record reveals, it may well have been possible for defendant to recoup or otherwise collect the charges from his drivers. He does not in any way deny this possibility which would explain his willingness to record these disputed charges on his books as his legitimate debts.

■ From a consideration of all the evidence de novo, it has been determined that a preponderance of the evidence shows the defendant to be indebted to complainant in the amount of $6,464.08, the amount shown

to be due on defendant's own books and the amount originally sued for by complainant.

As to the remaining $781.34 claimed in the amended bill, there is neither invoice nor purchase order. The only evidence supporting this part of complainant's claim is the testimony of complainant's bookkeeper, Mr. Webb, as follows:

"Q. Mr. Webb, can you determine from looking at those ledger sheets the last date on which a charge was made that remains unpaid?

A. Yes, sir.

Q. What was that date?

A. March 25th, 1968.

Q. Was there other charges made after that date, Mr. Webb?

A. There was one charge posted to the account that was dated back in 1967 after that date.

Q. What was the specific date of that charge?

A. I would have to look at the document to see. I don't have it.

Q. What does your ledger sheet show as to when it was posted?

A. 1967 is the date of repair. The posting date was June 26, 1968.

Q. 1968?

A. Yes, sir.

Q. And what was the amount of that charge?

A. $781.34.

MR. CHESHIRE: That's all."

The foregoing is insufficient evidence of debt in the face of defendant's denial. No request for services, or rendition of services or date or details of same are shown. It is merely shown that a charge was made for some transaction which occurred in the preceding year. The very nature of the evidence excites suspicion and requires satisfactory explanation which was not offered.

The item of $781.34 will therefore be disallowed.

Defendant complains of the allowance of interest, and complainant insists that interest was properly allowed.

Complainant cites Third National Bank v. Am. Eq. Ins. Co. of N. Y., 27 Tenn.App. 249, 178 S.W.2d 915 (1943), wherein this Court approved interest upon a recovery on a fire insurance policy beginning 60 days after the amount of the loss had been fixed by agreement or arbitration, thereby becoming a "liquidated or settled account" under § 7305 of the Code (Now § 47–14–107, T.C.A.). This Court said:

"An account is liquidated and settled when the amount due is fixed by law, or has been ascertained and agreed on by the parties. Arco Co. v. Garner & Co., 143 Tenn. 262, 266, 227 S.W. 1025, 1026." 27 Tenn.App. at p. 275, 178 S.W.2d at p. 926.

Phoenix Ins. Co. v. Jordan, 28 Tenn. App. 11, 184 S.W.2d 721 (1944), cited by complainant, was also an action upon a fire insurance policy. The reference therein to discretionary allowance of interest is dicta.

Complainant also cites Johnson v. Cincinnati, N. O. & T. P. Ry. Co., 146 Tenn. 135, 240 S.W. 429 (1921). This was a suit for balance upon a construction contract and for alleged wrongful use of equipment and supplies. The Supreme Court approved the allowance of interest as part of the damages assessed by the Chancellor.

Interest was not allowed at common law. Cherry's Executors v. Mann, 3 Tenn. 268 (1813). It was conceived to be usury, which was declared wrongful in the Book of Leviticus, Chapter 25, verses 36, 37.

By § 47–14–107, T.C.A., interest is permitted by statute upon certain specified de-

mands which do not include complainant's claim.

■ The allowance of interest as a matter of right must be confined to those obligations and demands specified and enumerated in statutory provisions. Draper v. Great Amer. Ins. Co., 224 Tenn. 552, 458 S.W.2d 428 (1970).

■ A court of law would have no power to allow interest upon an open account prior to judgment. There is no reason in law or equity why interest should be allowed by a Chancellor and disallowed by a Circuit Judge in identical cases for no reason except that one case is decided by a Chancellor and the other by a Circuit Judge.

In addition to the unsettled, disputed character of this account, there is another reason why interest would not be in order, even is allowable in the Court's discretion. Defendant has a counterclaim against complainant. It was intended and expected that said counterclaim would be adjudicated and offset against complainant's claim herein. This did not occur, but the adjudication of said counterclaim was reserved for another court. It would be indeed unjust to require defendant to pay interest upon the present debt while, according to defendant's claim, complainant owes an offsetting obligation to defendant.

■ The claim of complainant to interest is disallowed.

The decree of the Chancellor is modified to award to complainant a judgment for $6,464.08 and costs in the Chancery Court, and a decree will be entered in this Court accordingly. The costs of this appeal are adjudged one-half against the complainant and one-half against the defendant.

Modified and affirmed.

SHRIVER, P. J., and PURYEAR, J., concur.